**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Maxson VICKERS, Defendant and Appellant.**

**No. 14300.**

Supreme Court of Utah.

April 28, 1976.

---

1. *Utah Road Comm. v. Industrial Comm.,* 109 Utah 553, 168 P.2d 319 (1946).

2. Laws of Utah, 1973, Ch. 67, Sec. 5.

Raymond S. Shuey, Southern Counties Defender Assn., St. George, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was found guilty in the District Court of Washington County of the crime of placing an infernal machine in violation of Section 76–10–307, U.C.A. 1953, as amended. The defendant is here seeking a reversal of the verdict and sentence of the court.

In the early morning hours of March 13, 1975, in the town of Washington, the defendant attached two sticks of dynamite to the rear bumper of an automobile owned by Phillip Hartley. Attached to the dynamite was a detonator and a fuse. The defendant lit the fuse and departed from the scene. Defendant had a change of heart and returned to the automobile with the intention of dismantling the explosive. An explosion occurred as the defendant was in the act of removing the charge of dynamite and he received serious injuries. The Hartley automobile was damaged in the sum of $975, and the Hartley home was damaged in the approximate sum of $400. Defendant does not dispute the evidence produced by the State and his testimony at the trial tended to support the charge against him.

At the conclusion of the evidence defendant requested the court to instruct the jury that should they have a reasonable doubt as to whether or not the State had established the elements of the crime charged him, they should consider whether the defendant was guilty of the crime of arson. The court refused to so instruct the jury.

On appeal the defendant claims that the court below erred in failing to grant his motion to dismiss the charge of placing an infernal machine as alleged in the information on the ground that the evidence failed to establish that charge. In this regard the defendant contends that the charge of dynamite used by him was not an infernal machine as contemplated by Section 76–10–307, U.C.A.1953, the statute under which the charge was laid. That section of the statute is as follows:

Every person who delivers or causes to be delivered to any express or railway company or other common carrier, or to any person, any infernal machine, knowing it to be such, without informing the common carrier or person of the nature thereof, or sends it through the mail, or throws or places it on or about the premises or property of another, or in any place where another may be injured thereby in his person or property, is guilty of a felony of the second degree.

The term "infernal machine" is defined by Section 76–10–306, in the following language:

An infernal machine is any box, package, contrivance, bomb, or apparatus containing or arranged with an explosive or acid or poisonous or inflammable substance, chemical, or compound, or knife, loaded pistol, or gun, or other dangerous or harmful weapon or thing, constructed, contrived, or arranged so as to explode, ignite, or throw forth its contents, or to strike with any of its parts, unexpectedly when moved, handled, or opened, or *after the lapse of time* or under conditions or in a manner

calculated to endanger health, life, limb, or property. [Emphasis added.]

It is quite obvious from the definition above referred to that an infernal machine does not necessarily consist of a package, box, or other contrivance with a timing device such as a clock. The device used in this case consisted of an explosive, a blasting cap, and a length of fuse which when used provided a lapse of time. The device used comes precisely within the definition referred to above. The record amply supports the charge alleged in the information as set forth in Section 76–10–307.

 The crime of arson is defined by the provisions of Section 76–6–102, U.C.A. 1953, as amended, the pertinent part of which is in the following language:

A person is guilty of arson if, under circumstances not amounting to aggravated arson, by means of fire or explosives, he unlawfully and intentionally damages:

(a) Any property with intention of defrauding an insurer; or

(b) The property of another.

While there are similar elements defined in the arson statute and that of placing an infernal machine, the crime of arson is not included within the terms of the statutes wherein the defendant is charged. The matter of included offense is covered in part by Section 77–33–6, U.C.A.1953, which provides as follows:

The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense.

It would have been error for the trial court to submit the crime of arson to the jury as it is not necessarily an included offense within the crime charged in the information, and the information does not state sufficient facts to embrace the crime of arson.[1]

The verdict and judgment of the court below is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. *State v. Woolman*, 84 Utah 23, 33 P.2d 640; Wharton's Criminal Law & Proc., Vol. 5, Sec. 2099.