The STATE of Utah, Plaintiff and Respondent,

v.

Emil Martin SUNTER, Defendant and Appellant.

No. 14363.

Supreme Court of Utah.

May 24, 1976.

1. 294 F.Supp. 882.

2. 24 Utah 2d 63, 465 P.2d 544.

Bryce K. Bryner, Helper, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Ronald B. Boutwell, Carbon County Atty., Price, for plaintiff and respondent.

TUCKETT, Justice:

The defendant appeals from a verdict and judgment of the District Court of Carbon County finding him guilty of attempted burglary in violation of Section 76-4-101(1), U.C.A.1953 as amended. The defendant is here seeking a reversal.

The only claim of error made by the defendant in this court is the trial court's failure to submit to the jury an instruction on the possession of an instrument for burglary or theft.

On July 8, 1975, the defendant was observed in the vicinity of the Regis Club in Helper, Utah. The defendant proceeded to the rear of the building and after a short time returned to his vehicle. Officers thereafter examined the building and observed that a screen had been partially removed and there was other physical evidence that an entry had been attempted. There was some evidence that the defendant carried with him a pry bar at the time he went to the rear of the building, also when he returned to his vehicle.

Burglary is defined by the statutes, Section 76-6-202(1), in the following language:

A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person.

The defendant claims that the crime set forth in Section 76-6-205 is an included offense within the burglary statute. Said crime is defined as follows:

Any person who manufactures or possesses any instrument, tool, device, article, or other thing adapted, designed, or commonly used in advancing or facilitating the commission of any offense under circumstances manifesting an intent to use or knowledge that some person intends to use the same in the commission of a burglary or theft is guilty of a class B misdemeanor.

For the crime of manufacture or possession of an instrument for burglary or theft to be necessarily included in the offense of burglary as charged in the information all of the elements of the lesser offense of the possession of an instrument for burglary must not only be a part of the greater offense of burglary but must also be embraced within the legal definition thereof. The gist of the offense of burglary is the unlawful entry into a building. No entry or attempted entry is a necessary element of the crime defined by Section 76-6-205, and we conclude that that offense is not necessarily embraced within the offense of burglary.[1]

We find no error in the decision of the court below, and the judgment of that court is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. *State v. Woolman*, 84 Utah 23, 33 P.2d 640; *State v. Vickers*, 549 P.2d 449 (Utah).