**STATE of Utah, Plaintiff and Respondent,**

v.

**Jeffrey Dean BAKER, Defendant and Appellant.**

No. 18245.

Supreme Court of Utah.

Sept. 21, 1983.

G. Fred Metos, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The appellant, Jeffrey Dean Baker, appeals from a conviction of burglary, a third degree felony, and alleges that the trial court erred in refusing to instruct the jury regarding the offense of criminal trespass. Baker argues that criminal trespass, a class C misdemeanor, is a lesser included offense and that the court's refusal to instruct was prejudicial error.

The evidence presented at trial showed that at approximately 2:30 a.m. on the morning of September 18, 1981, Baker climbed over a chain link fence enclosing one side of a gas station, broke a window and entered the building. The sounds made by the rattling fence and the breaking glass awakened the resident of an adjacent home, who called the police. The police arrived within five or ten minutes. The neighbor heard their voices and saw their flashlights as they inspected the exterior of the station. The owner of the gas station arrived approximately 30 minutes later and opened the building. Inside, the police and the owner found that a lock had been broken off of a desk drawer and that the drawer was open and the contents scattered. The officers and owner saw no one and discovered nothing missing or moved except the contents of the desk drawer. Outside, the owner identified Baker's pickup truck, which was parked beside the station. Baker had been an employee there for about a month, but had been fired three days earlier for failure to come to work. The owner then left, leaving the police officers to wait for a tow truck so that Baker's pickup truck could be impounded. Approximately one hour later the owner returned to open his business for the day. As he entered he heard a loud noise in a storage closet. The owner summoned the police officers, who were still outside, and together they opened the door into the storage closet. Inside, they found Baker concealed in a very small area behind the station's air compressor. He had removed dirty uniforms from a bin and had piled them over his body. The officers placed Baker under arrest. He was subsequently convicted of burglary. The only question before this Court is whether the trial court erred in refusing to instruct the jury on criminal trespass.

A survey of Utah case law reveals two standards used by trial and appellate courts in determining when to instruct a jury regarding lesser included offenses. The first standard requires an analysis of the evidence offered at trial:

> One of the foundational principles in regard to the submission of issues to juries is that where the parties so request they are entitled to have instructions given upon their theory of the case; and this includes on lesser offenses *if any* reasonable view of the evidence would *support such a verdict.*

*State v. Gillian,* 23 Utah 2d 372, 374, 463 P.2d 811, 812 (1970) (emphasis added). Although this case was decided prior to the current statute, U.C.A., 1953, § 76–1–402, which was enacted in 1973, it is not contrary to the statute and has been followed in many subsequent cases involving a variety of crimes. *See, e.g., State v. Dougherty,* Utah, 550 P.2d 175, 176 (1976) (defendant convicted of unlawful distribution of controlled substance); *State v. Pierre,* Utah, 572 P.2d 1338, 1353 (1977) (defendant convicted of first degree murder); *State v. Hendricks,* Utah, 596 P.2d 633, 634 (1979) (defendant convicted of burglary); *State v. Howard,* Utah, 597 P.2d 878, 880 (1979) (defendant charged with two counts of first degree murder and convicted of second degree murder and manslaughter).

The other standard frequently cited relies upon a comparison of the abstract *statutory* elements of the offenses. It states that "[t]he lesser offense must be a necessary

element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof." *State v. Woolman,* 84 Utah 23, 36, 33 P.2d 640, 645 (1934). This standard has also been followed in numerous cases. *See, e.g., State v. Brennan,* 13 Utah 2d 195, 198, 371 P.2d 27, 29 (1962) (charge of driving and injuring another while intoxicated); *State v. Sunter,* Utah, 550 P.2d 184, 185 (1976) (defendant convicted of attempted burglary); *State v. Gandee,* Utah, 587 P.2d 1064, 1066 (1978) (defendant convicted of carrying a concealed dangerous weapon). Even though the two standards are different, some cases refer to both. *See e.g., State v. Close,* 28 Utah 2d 144, 146, 499 P.2d 287, 288 (1972) (defendant convicted of indecent assault); *State v. Hendricks, supra.* This situation is not unique to Utah law.

> In our own jurisdiction we have cases apparently speaking as if the elements of the two offenses were to be determined in the abstract solely by the indictment without recourse to the proof adduced at trial, and other opinions pointing out that in the context of particularized offenses an exact replica of the lesser included offense need not be contained in the greater.

*United States v. Whitaker,* 447 F.2d 314, 318 (D.C.Cir.1971) (footnotes omitted). The simultaneous use of these two standards in our jurisdiction has resulted in some confusion in the law on lesser included offenses.

■ When considered in their original contexts, it becomes clear that these standards developed to protect different interests. The narrower standard, requiring a comparison of the statutory elements of the offenses in the abstract, is the older of the two standards.

> At common law the jury was permitted to find the defendant guilty of any lesser offense *necessarily included* in the offense charged. This rule originally developed as *an aid to the prosecution* in cases in which the proof failed to establish some element of the crime charged.

*Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980) (citations omitted) (emphasis added). This is the "necessarily included offense" standard which is found in Utah R.Crim.P. 21(e) (codified at U.C.A., 1953, § 77–35–21(e)) (emphasis added):

> The jury may return a verdict of guilty to the offense charged or to any offense *necessarily included* in the offense charged or an attempt to commit either the offense charged or an offense *necessarily included* therein.

U.C.A., 1953, § 76–1–402(5) also refers to necessarily included offenses:

> If the district court on motion after verdict or judgment, or an appellate court on appeal or certiorari, shall determine that there is insufficient evidence to support a conviction for the offense charged but that there is sufficient evidence to support a conviction for an included offense and the trier of fact *necessarily found every fact* required for conviction of that included offense, the verdict or judgment of conviction may be set aside or reversed and a judgment of conviction entered for the included offense, without necessity of a new trial, if such relief is sought by the defendant.

(Emphasis added.) The requirement that the lesser offense be *necessarily included* in the charged offense is for the protection of the defendant.

> [T]he nature of the charge in the indictment must be such as to give the defendant notice that he could at the same time face the lesser included offense charge.
>
> This stricture has developed from numerous decisions of the Supreme Court emphasizing the restrictions that both the common law and the Constitution have placed upon the power of the court and prosecution to change the charging part of the indictment to the jeopardy of the defendant.

*United States v. Whitaker, supra,* at 320 (citations omitted). The Court in that case quoted from a venerable Supreme Court decision:

> If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what

ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says "no person shall be held to answer," may be . . . destroyed. . . . Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney . . . .

*Id.* at n. 17 (quoting *Ex parte Bain,* 121 U.S. 1, 10–13, 7 S.Ct. 781, 786–87, 30 L.Ed. 849 (1886)). *See also De Jonge v. Oregon,* 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937). Just as a defendant is constitutionally protected from alterations in the indictment, he is similarly protected from instructions to the jury which might subject him to a conviction of a crime against which he has had no opportunity to defend. In discussing necessarily included offenses, the Supreme Court of Michigan summarized:

It is elementary that a defendant may not be convicted of a crime with which he was not charged. The reason is apparent: The Sixth and Fourteenth Amendments give a defendant the right to know the nature and cause of the accusation against him.

*People v. Jones,* 395 Mich. 379, 388, 236 N.W.2d 461, 464 (1975) (citations omitted). *See also* Utah Const. art. I., §§ 7, 12 & 13. Thus, when the prosecution seeks instruction on a proposed lesser included offense, both the legal elements and the actual evidence or inferences needed to demonstrate those elements must *necessarily be included* within the original charged offense. *See* U.C.A., 1953, § 76–1–402(3)(a). In *State v. Howell, supra,* we stated that "there can be no unfairness to the defendant in giving a lesser included offense instruction because of a lack of notice or preparation since no element may be included in the lesser offense that is not included in the greater offense." *Id.* at 95. The offenses must be such that the greater cannot be committed without necessarily having committed the

lesser. This ensures the defendant the notice and opportunity necessary to prepare his defense to both offenses: his defense against the greater will, of necessity, be a defense against the lesser also, with regard to both the law and the facts alleged.

Thus, the "necessarily included offense" standard was correctly used by this Court in *State v. Woolman, supra, State v. Brennan, supra,* and *State v. Howell, supra.* All are cases in which the *prosecution* requested an instruction on a lesser included offense. The more restrictive standard was required to protect the defendant from having to defend against an offense not charged. Unfortunately, the *Woolman* standard has subsequently been cited on occasion by this Court as the general rule in cases where it was not the State but rather the defendant who requested the instruction on a lesser included offense. *See, e.g., State v. Williams,* Utah, 636 P.2d 1092 (1981); *State v. Cross,* 649 P.2d 72 (1982). We are now persuaded that the "necessarily included offense" standard should be limited to cases where the prosecution requests the instruction. The prosecution faces no loss of life or liberty at trial and is not constitutionally entitled to the same protections afforded the defendant.

Different concerns are raised when the defendant requests an instruction on a lesser included offense. In *Beck v. Alabama, supra,* the Supreme Court stated:

[I]t has long been recognized that [the lesser included offense] can also be beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal.

*Beck v. Alabama, supra,* 447 U.S. at 633, 100 S.Ct. at 2388. By having the jury instructed regarding a lesser included offense, the defendant is afforded the full benefit of the reasonable doubt standard:

Moreover, it is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not estab-

lished beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844 (1973) (emphasis in original). The Supreme Court also warned of this risk in *Beck v. Alabama:*

> Jurors are not expected to come into the jury box and leave behind all that their human experience has taught them. The increasing crime rate in this country is a source of concern to all Americans. To expect a jury to ignore this reality and to find a defendant innocent and thereby set him free when the evidence establishes beyond doubt that he is guilty of some violent crime requires of our juries clinical detachment from the reality of human experience....

*Beck v. Alabama, supra,* 447 U.S. at 642, 100 S.Ct. at 2392 (quoting *Jacobs v. State,* Ala., 361 So.2d 640, 651–52 (1978), *cert. denied,* 439 U.S. 1122, 99 S.Ct. 1034, 59 L.Ed.2d 83 (1979)). Thus, where proof of an element of the crime is in dispute, the availability of the "third option"—the choice of conviction of a lesser offense rather than conviction of the greater or acquittal—gives the defendant the benefit of the reasonable doubt standard. In *Keeble v. United States,* the Supreme Court stopped short of declaring that the defendant's right to have the jury instructed on a lesser included offense is guaranteed by the Due Process Clause of the Fifth Amendment. The Court warned, however, that a construction of the statute under consideration in that case precluding lesser included offense instructions "would raise difficult

constitutional questions." *Keeble v. United States, supra,* 412 U.S. at 213, 93 S.Ct. at 1998. *See also Beck v. Alabama, supra,* 447 U.S. at 637, 100 S.Ct. at 2389. The Court went further in a recent case, stating that "Beck held that due process requires that a lesser included offense instruction be given when the evidence warrants such an instruction." *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982). The Fifth Circuit Court of Appeals has stated that if supported by evidence, "[t]he due process clause of the fourteenth amendment requires a trial judge to give a lesser included offense instruction ...." *Bell v. Watkins,* 692 F.2d 999, 1004 (5th Cir.1982).

■ This is not to say that the defendant's right to a lesser included offense instruction is absolute or unqualified. Neither is it correct "that the defendant's procedural right to an included offense instruction is based on some supposed notion of the jury's compassion or leniency." *United States v. Johnson,* 637 F.2d 1224, 1233 (9th Cir.1980). These potential characteristics of jurors are "inherent in the jury system" but standing alone do not constitute "a permissible basis to justify such an instruction." *Id.* (quoting *Kelly v. United States,* 370 F.2d 227, 229 (D.C.Cir.1966) (*cert. denied* 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967)). The defendant's right to a lesser included offense instruction is limited by the evidence presented at trial. This limitation requires the application of the evidence-based standard discussed earlier, which is the appropriate basis for determining whether to instruct a jury regarding a lesser included offense at the defendant's request.

> [T]he jury's power to dispense mercy, by favoring the defendant despite the evidence, should not be allowed so to dominate the trial proceedings as to impede or interfere with the jury's primary fact-finding function.

> The principle has, accordingly, evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for

finding the accused innocent of the higher crime, and yet guilty of the lower one. *People v. Mussenden,* 308 N.Y. 558, 563, 127 N.E.2d 551, 554 (1955) (citations omitted).

This evidence-based standard is widely recognized. In *Beck v. Alabama,* the Supreme Court noted that "[a]lthough the States vary in their descriptions of the *quantum* of proof necessary to give rise to a right to a lesser included offense instruction, they agree that it must be given *when supported by the evidence.*" The Court then listed cases in 46 jurisdictions, including Utah. 447 U.S. at 636 n. 12, 100 S.Ct. at 2389 n. 12 (emphasis added) (citing *State v. Gillian, supra* ). In *Keeble v. United States, supra,* the Supreme Court held that "it is now beyond dispute that *the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.*" *Id.,* 412 U.S. at 208, 93 S.Ct. at 1995 (emphasis added). *See also Beck v. Alabama, supra.* In *Hopper v. Evans, supra,* the Supreme Court emphasized that "due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." *Id.,* 456 U.S. at 611, 102 S.Ct. at 2053, 72 L.Ed.2d at 373 (emphasis in original). In *United States v. Johnson, supra,* the Ninth Circuit Court of Appeals rejected the "mechanical comparison of statutory elements," concluding that although such a comparison "may be appealing in its promise of certainty and intellectual purity, . . . its artificiality is unresponsive to the underlying purposes of the lesser included offense doctrine. . . ." *Id.,* 637 F.2d at 1238. The court noted:

> [N]ot one of the five most relevant Supreme Court opinions since 1895 was directly concerned with the issue of identification of the lesser included offense. Four of the five cases dealt with the question of whether there existed any disputed factual issue which would permit the jury rationally to convict of the lesser but would acquit of the greater offense, and the fifth concerned the appropriateness of giving lesser included offense instructions on nonenumerated offenses in criminal cases brought against Indians pursuant to 18 U.S.C. § 1153.

*Id.* at 1235 (citations omitted). The Tenth Circuit Court has also ruled:

> It is true that common law cases earlier dictated a strict adherence to the statutory elements alone and analysis of them as the basis for determining the availability of a lesser offense charge. We are persuaded, however, not to apply the artificial analysis suggested by the Government and that instead the availability of the lesser-included-offense instruction should be decided in practical terms of the evidence developed in *this* case on the offense charged.

*United States v. Pino,* 606 F.2d 908, 916 (10th Cir.1979) (citations omitted) (emphasis in original). *Accord United States v. Slater,* 692 F.2d 107 (10th Cir.1982).

Our statute incorporates this evidence-based standard by providing that:

> The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

U.C.A., 1953, § 76–1–402(4). The definitions of an "included offense" are contained in the preceding paragraph, § 76–1–402(3). That section contains three alternative definitions, only one of which, (3)(a), is at issue in this case. Paragraph (3)(a) says that an offense is included in a charged offense when "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." The analysis of whether an offense is included for purposes of deciding whether to grant a defendant's request for a jury instruction must therefore begin with the proof of facts at trial. If the same facts tend to prove elements of more than one statutory offense, then the offenses are related under § 76–1–402. The application of § 76–1–402(3)(a) will thus require *some* reference to the statutory elements of the offenses involved in order to determine

whether given facts are "required to establish the commission of the offense charged." This requirement that there exist some overlap in the statutory elements of allegedly "included" offenses would prevent the argument that totally unrelated offenses could be deemed included simply because some of the evidence necessary to prove one crime was also necessary to prove the other. For example, evidence proving theft in a trial involving only a charge of first degree homicide would not make theft a lesser included offense under § 76–1–402(3)(a) because none of the statutory elements of theft and homicide overlap. However, where two offenses are related because some of their statutory elements overlap, and where the evidence at the trial of the greater offense includes proof of some or all of those overlapping elements, the lesser offense is an included offense under subsection (3)(a).

■ Once it is established that an offense is included within the meaning of § 76–1–402(3), one more step is required before the trial court must instruct the jury regarding it. Under § 76–1–402(4), the court is obligated to instruct on the lesser offense only if the evidence offered provides a "rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." This standard does not require the court to weigh the credibility of the evidence, a function reserved for the trier of fact. The court must only decide whether there is a sufficient quantum of evidence presented to justify sending the question to the jury, a decision which must be made concerning all jury instructions in any trial. When the elements of two offenses overlap as discussed in the previous paragraph, if there is a sufficient quantum of evidence to raise a jury question regarding a lesser offense, then the court should instruct the jury regarding the lesser offense. Similarly, when the evidence is ambiguous and therefore susceptible to alternative interpretations, and one alternative would permit acquittal of the greater offense and conviction of the lesser, a jury question exists and the court must give a lesser included offense instruc-

tion at the request of the defendant. This situation will often arise when the critical question is either the credibility of certain evidence or the determination of what inferences may legitimately be made on the basis of the evidence. By assessing the evidence and deciding whether any interpretation of it would, if believed by the jury, permit conviction of the lesser offense and acquittal of the greater, the court preserves the weighing of evidence for the jury but is still able to protect the weighing process from frivolous "red herrings."

■ In the instant case, we do not believe that the evidence was ambiguous or subject to any alternative interpretation that required the court to instruct on a lesser offense. The defendant was found in the storage closet of a locked building. He did not deny breaking into the gas station or forcibly opening a locked desk. The only evidence presented by the defendant was the testimony of his friend, who testified that he and the defendant had been drinking together at a bar and that he observed symptoms of intoxication in the defendant's behavior. When the friend was cross-examined, he testified that the defendant was stopped by police while driving the friend home, that the police asked the defendant to get out of the truck, that they talked with him and smelled his breath but did not give him the field sobriety test, allowing him instead to get back into his truck and drive away. In closing argument, the defendant's counsel argued that either the defendant was too intoxicated to form the intent necessary under the burglary charge, or else that the defendant broke into the gas station for some unspecified reason other than to commit a theft or felony.

■ The statutes setting out the crimes of burglary and criminal trespass are as follows:

Burglary.—(1) A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony

or theft or commit an assault on any person.

U.C.A., 1953, § 76–6–202(1).

Criminal trespass.—(1) For purposes of this section "enter" means intrusion of the entire body.

(2) A person is guilty of criminal trespass if, under circumstances not amounting to burglary as defined in sections 76–6–202, 76–6–203, or 76–6–204:

(a) He enters or remains unlawfully on property and:

(i) Intends to cause annoyance or injury to any person thereon or damage to any property thereon; or

(ii) Intends to commit any crime, other than theft or a felony;

(iii) Is reckless as to whether his presence will cause fear for the safety of another.

U.C.A., 1953, § 76–6–206(1) & (2). Because the defendant has not denied his unlawful entry, the only disputed factual issue is his intent. Intent must always be inferred from circumstantial evidence. The defendant argued at trial that his intoxication prevented him from forming the required intent. However, the only evidence of intoxication showed that the defendant was not seriously enough incapacitated by his drinking to cause the police to give him field sobriety tests. This is not a sufficient quantum of evidence to warrant an instruction regarding the defendant's capacity to form an intent. Even if it were, the defendant's theory would not support the giving of an instruction on criminal trespass, an offense which itself requires a specific intent. The thrust of the defendant's evidence on intoxication was to negate any specific intent at all, not to prove the existence of one of the intents necessary for criminal trespass. *See State v. Hendricks, supra,* at 634.

Finally, the appellant also argues that the evidence of unlawfully entering, opening the desk and rifling its contents, and hiding under dirty uniforms in a storage closet would permit the jury to find that he did not intend to commit a theft because there was nothing missing in the gas station, and consequently an instruction on criminal trespass should have been given. As we have held, when the evidence is susceptible to alternative interpretations, the trial court is obligated to give a lesser included offense instruction if any of those alternative interpretations would provide both a "rational basis for a verdict acquitting the defendant of the offense charged *and* convicting him of the included offense." § 76–1–402(4) (emphasis added). The appellant does not argue the second part of the statutory requirement. In his brief on appeal, he does not point to any evidence in the record which goes to the specific intent elements of the crime of criminal trespass. His sole argument on this issue is that "under these facts one reasonable theory would be that [he] did not have the intent to commit a theft when he unlawfully entered the building or remained in it." That argument goes only to the sufficiency of the evidence to convict him of burglary; it does not address the separate and distinct intent elements necessary for criminal trespass.

The judgment of the trial court is therefore affirmed.

STEWART, OAKS and HOWE, JJ., concur.

HALL, C.J., concurs in the result.