The STATE of Utah, Plaintiff
and Respondent,

v.

Henry WILSON, Defendant
and Appellant.

No. 19813.

Supreme Court of Utah.

May 28, 1985.

Linda E. Carter, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from his conviction by a jury of burglary, a third degree felony in violation of U.C.A., 1953, § 76–6–202 (1978 ed.). He claims that it was error, (1) to deny his motion to suppress an elicited response, (2) to deny his request for a jury instruction on lesser included offense, and (3) to sustain a conviction of burglary on insufficient evidence. We affirm.

At 12:39 a.m., on October 29, 1983, the ADT Corporation alarm system at the Sears Automotive Center was set in action. Two minutes later, police arrived at the Sears building in response to a call from the alarm company. Officer Crane observed defendant inside the garage looking at tool boxes in a dim source of light which went off and on three different times in three different areas of the building. When Crane aimed his flashlight through the garage window the defendant ran from

one room to another; Crane heard a loud bang against a door, then saw defendant run to a mobile tool cart and crouch behind it. Another police officer entered the building through a broken window, walked over to the defendant, told him to remain where he was, and searched and handcuffed him. Officer Crane took defendant into custody and told him that he was under arrest for burglary. Defendant responded that he was only trespassing. A screwdriver, two cigarette lighters, a dart, and some papers were found in defendant's pockets. Defendant appeared to be intoxicated.

■ The trial court denied defendant's motion to suppress his response to Crane that he was only trespassing on the ground that the officer merely followed statutory requirements when he informed defendant that he was under arrest for burglary. We deem the ruling to have been proper. "The person making the arrest shall inform the person being arrested of his intention, *cause* and authority to arrest him." U.C.A., 1953, § 77-7-6. (Emphasis added.) Defendant claims that Crane's remark elicited his statement and involved psychological pressure tactics similar to those used by the police in *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), and *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). The contention lacks all merit. Defendant's response was voluntary and spontaneous, *State v. Valdez*, 30 Utah 54, 513 P.2d 422 (1973), and not, as defendant asserts, prompted by custodial interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Moreover, it was exculpatory in nature and could not form the basis for defendant's attack.

The trial court rejected defendant's proposed jury instruction informing the jury that "a person is guilty of criminal trespass if, under circumstances not amounting to burglary, knowing his entry or presence is unlawful, he enters or remains on property as to which notice against entering is given by fencing or other enclosure obviously designed to exclude intruders." U.C.A., 1953, § 76-6-206(2)(b)(ii) (1978 ed.). A violation of that subsection is an infraction. Instead the court instructed the jury on criminal trespass under section 76-6-206(2)(a), finding a defendant guilty if he enters or remains unlawfully on property and:

> (i) intends to cause annoyance or injury to any person thereon or damage to any property thereon; or
>
> (ii) intends to commit a crime, other than theft or a felony;
>
> (iii) is reckless as to whether his presence will cause fear for the safety of another.

■ The defendant's right to a lesser included offense instruction is limited by the evidence presented at trial. *State v. Baker*, Utah, 671 P.2d 152 (1983). We there stated that the defendant's request for a lesser included offense must be honored where two requirements are met: (1) proof of elements of more than one statutory offense to show a relationship between the higher and lesser offense, and (2) a sufficient quantum of evidence to support acquittal on the greater charges and a conviction on the lesser. The defendant here took the stand and testified that he had broken into the Sears Automotive Center to find a place to sleep and that he did not intend to steal anything from the building. Thus, the proof of an element of the crime was in dispute and a rational basis existed for acquitting the defendant of burglary and convicting him of criminal trespass. "Where proof of an element of the crime is in dispute, the availability of the 'third option'—the choice of conviction of a lesser offense rather than conviction of the greater or acquittal—gives the defendant the benefit of a reasonable doubt standard." *State v. Baker, supra. See also State v. Oldroyd*, Utah, 685 P.2d 551, 556 (1984).

■ The defendant here was not denied that third option, as the trial court instructed the jury on criminal trespass. Nonetheless, defendant claims that the court erred in failing to instruct on the provision

of criminal trespass that prohibits unlawful entry on property where notice is given by an enclosure. U.C.A., 1953, § 76-6-206(2)(b)(ii), *supra.* That section of the criminal trespass statute contains the additional element of notice not present in the section on which the jury was instructed. There was no evidence before the jury that defendant had trespassed on property as to which notice against entering was given. The requirement that some overlap in the statutory elements of the included offense exist would prevent the argument that totally unrelated offenses would be deemed included simply because some of the evidence necessary to prove one crime was also necessary to prove the other. *State v. Baker, supra* at 159.

It would appear that the defendant is attempting to make just such an argument here. The evidence was undisputed that defendant broke a window to gain entry into a locked building protected by a burglar alarm system. That conduct is distinguishable from entry on property as to which notice against entry is given by fencing or other enclosure obviously designed to exclude intruders. Under well-established rules of statutory construction, the language of this statute can hardly be stretched to encompass the forced entry into a locked building. The general word "enclosure" is restricted to a sense analogous to the less general word "fence." See *Hansen v. Wilkinson,* Utah, 658 P.2d 1216 at 1217 (1983).[1]

In view of the fact situation here presented, the trial court properly rejected defendant's request for an instruction under section 76-6-206(2)(b)(ii). The notice element contained in that statute does not show a relationship with the element of unlawful entry into a building or a portion of a building contained in section 76-6-202, defining burglary. On the other hand, the instruction given by the trial court did comply with the first prong (some relationship between higher and lesser offense) mandat-

ed by *Baker* where the defendant requests the lesser included offense instruction. We therefore hold that the jury was properly instructed on the "third option" to find defendant guilty of criminal trespass under section 76-6-206(2)(a). The jury rejected that option and convicted defendant instead of the higher offense of burglary. We find no error.

▆▆▆▆ Defendant claims that the evidence was insufficient to convict him of burglary. This Court will not interfere with a jury verdict unless the evidence is so lacking and insubstantial that reasonable minds could not possibly have reached a verdict beyond a reasonable doubt. *State v. McCardell,* Utah, 652 P.2d 942 (1982). Defendant's intent to commit a theft may be inferred from the circumstances of the break-in. The fact that nothing was missing when he was apprehended is no defense to the burglary charge, nor does it destroy the inference of intent to steal at the time of entry. *State v. Sisneros,* Utah, 631 P.2d 856 (1981). Likewise, the jury could reasonably have concluded that defendant's intoxication did not negate his criminal intent. *Id.* at 859. The jury was properly instructed as to the degree of intoxication necessary to negate the defendant's intent to commit theft. It determined what weight to give to the evidence before it and found the defendant guilty. The conviction and judgment rendered are affirmed.

▆▆▆▆▆▆▆▆▆▆

---

1. Support for our interpretation of section 76-6-206(2)(b) may also be found in subsection (3) of the statute which enhances the penalty for criminal trespass committed under subsection 2(a) to a class B misdemeanor where the offense is committed in a dwelling (as distinguished from a non-residential building).