The STATE of Utah, Plaintiff
and Respondent,

v.

Gary Marvin HALL, Defendant
and Appellant.

No. 20380.

Supreme Court of Utah.

Dec. 10, 1985.

Margaret Sidwell Taylor, Helper, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

This is an appeal from a conviction of aggravated robbery and attempted aggravated robbery. The appellant claims error in the trial court's refusal to grant his motion for a separate trial and in the instructions to the jury. We affirm.

The appellant and four others were charged with attempted murder, aggravated robbery, aggravated kidnapping, aggravated sexual assault, and aggravated assault. The aggravated kidnapping and aggravated sexual assault charges were dismissed prior to trial, and all five defendants were bound over for trial on the remaining charges. The appellant filed a motion for a separate trial, which was denied after a hearing. Three of the defendants pleaded guilty to various charges before trial, and the appellant and one co-defendant, Quinn Dumas, were tried together.

Although the trial went forward on the three charges of attempted murder, aggravated robbery, and aggravated assault, the trial court instructed the jury on aggravated assault as a lesser included offense of aggravated robbery. Dumas was convicted of attempted murder, aggravated robbery, and attempted aggravated robbery.[1]

1. The aggravated robbery and attempted aggravated robbery offenses related to two different victims.

The appellant was found not guilty of attempted murder and convicted of aggravated robbery and attempted aggravated robbery.

■ We treat first the appellant's claim that the trial court erred in denying his motion for a separate trial. At the hearing on his motion, the appellant failed to show a likelihood of prejudice resulting from a failure to sever, nor does the trial record indicate such prejudice. Although he argued in support of the motion, and argues now, that he and co-defendant Dumas relied on inconsistent defenses, that inconsistency is not reflected in their testimony at trial. Neither defendant attempted to implicate the other in trying to exculpate himself. Each denied the accuracy of the facts testified to by the two victims, and each claimed to be unable to recall any substantial amount of information about the alleged offenses. If inconsistent defenses had been advanced at trial, we would be constrained to scrutinize with great care the trial court's exercise of its discretion in refusing to sever. In the absence of such inconsistencies or any other showing of prejudice, we find the appellant's claim to be without merit.

The appellant makes two claims with respect to the jury instructions given by the trial court. He argues first that it was reversible error to instruct the jury on aggravated assault as a lesser included offense of aggravated robbery instead of as a separate offense and, second, that the instructions on aggravated robbery were so confusing as to have deprived him of a fair trial.

■ Regarding his first claim, the appellant does not argue that it was prejudicial to give an instruction on aggravated assault, as clearly he could not, since the offense was charged and there was evidence relevant to the charge. He relies in his brief on *State v. Baker*, Utah, 671 P.2d 152 (1983), for the proposition that, since neither the defense nor the prosecution requested a lesser included offense instruction, it was reversible error for the court to give one. The *Baker* rationale is inapposite here, since that case dealt with the statutory and evidentiary requirements for submitting to the jury instructions on a lesser included offense *not charged*. Since aggravated assault was charged here, the issue before us concerns the form in which it was submitted to the jury and not the question of whether it could be submitted at all. The only portion of the appellant's argument that is relevant to that issue is his contention that he was prejudiced by having the jury instructed to consider the aggravated robbery charge before it could reach the aggravated assault charge. He argues that if the jury had been allowed to consider the two offenses simultaneously, there would have been a greater likelihood of his being convicted of the less serious offense of aggravated assault and acquitted of the more serious charge of aggravated robbery.

The flaw in the appellant's argument is that it assumes that the jury did not follow the court's explicit instruction that it had to find guilt beyond a reasonable doubt on every element of the aggravated robbery charge before it could convict of that offense. If there was any reasonable doubt of the appellant's guilt of that offense, the jury would have gone on to consider the aggravated assault instruction. The jury's verdict establishes that there was no such reasonable doubt. Thus there was no prejudice to the appellant, and it was not reversible error for the trial court to structure the instructions to the jury as it did.

The appellant next claims that the court committed prejudicial error in its instructions on aggravated robbery and attempted aggravated robbery. In its first instruction, the court informed the jury that "[t]he defendants, Quinn Dumas and Gary Marvin Hall, are accused by an Information filed in this Court ... of having committed the following crimes." There followed a verbatim recitation of the language of the information as follows:

*Count II*

AGGRAVATED ROBBERY, in violation of Section 76–6–302 U.C.A. (1953) as amended:

"In that the said defendants, at the time and place aforesaid, did unlawfully and intentionally take personal property in the possession of MARK ELLIS from his person, or immediate presence, against his will, accomplished by the means of force or fear."

## COUNT III

ATTEMPTED AGGRAVATED ROBBERY, in violation of Section 76–6–302 U.C.A. (1953) as amended:

"In that the said defendants, at the time and place aforesaid, did unlawfully and intentionally attempt to take personal property in the possession of JIM PETERSON from his person, or immediate presence, against his will, accomplished by the means of force or fear."

In subsequent instructions, the jury was properly told that before it could convict the appellant of aggravated robbery or attempted aggravated robbery, it had to find each of the separate elements of the respective offenses beyond a reasonable doubt. These later instructions correctly included the element of the offenses missing from the descriptive language contained in the information set forth above, namely, that a deadly weapon was used or serious bodily injury inflicted in the commission of the crime. The appellant argues that the instructions were in "irreconcilable conflict" as a result and that we must reverse because of the possibility that the jury was confused by the conflict.

We are not convinced that the instructions are confusing. The first instruction did not direct the jury to do anything at all, but merely informed them of the contents of the information. The subsequent instructions, in which the jury received directives for deliberating, are all accurate statements of the law. In them, the jury was explicitly told that before it could convict of the offenses in question, it had to find that the State had proved beyond a reasonable doubt that the appellant used a deadly weapon or inflicted serious bodily injury. A fair reading of the instructions, taken together as the jury was required to do, raises no serious possibility that the language in the introductory instruction could be read as anything but a summary of the contents of the information. In light of the language of later instructions, it is clear to any reader that the first instruction was not intended to be used as a definition of the offenses for which the appellant was on trial.

Having found the appellant's claims to be without merit, we affirm his convictions.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.