VOROS, Judge
(concurring):
1 35 I concur in the judgment of the court and in the lead opinion except as to the discussion of consent in paragraphs 20 through 22, which in my view is unnecessary to the holding of the court. In addition, I write separately (1) to explain why I think judges should not give flight instructions and (2) to comment on the new standard of review applicable to lesser-included-offense challenges.
1
136 Facts adduced at trial often support competing inferences. We generally leave the role of urging the jury to draw one inference or another to counsel in closing argument. I see no reason why evidence of flight presents a special case requiring judicial instruction. Pointing out to the jury that a perpetrator might flee a crime scene for reasons consistent with guilt falls within the prosecutor's job description; pointing out that a bystander might flee a crime scene for reasons consistent with innocence falls within defense counsel's job description; opting for one inference or the other falls within the jury's job description. I see no necessary role for the judge in this process.
37 Consistent with this reasoning, a size-able minority of jurisdictions hold that "because the significance of flight should be left to argument, ... instructions on the significance of flight should not be given." State v. Stilling, 285 Or. 293, 590 P.2d 1223, 1230 (1979); see also Dill v. State, 741 N.E.2d 1230, 1232 (Ind.2001) (holding that, although flight may be considered by a jury in determining a defendant's guilt, and evidence of flight may be a proper subject for counsel's closing argument, "it does not follow that a trial court should give a discrete instruction highlighting such evidence"); State v. Hall, 1999 MT 297, ¶¶ 46-47, 297 Mont. 111, 991 P.2d 929 (rejecting claim of error in giving flight instruction but observing that "the better policy in future cases where evidence of flight has been properly admitted is to reserve comment to counsel, rather than the court"); id. 1 45 (collecting cases).
38 While this court lacks the authority to make this change-at least in a case in which a flight instruction was given-I urge our supreme court to do so in the appropriate case.
2
1139 I agree with the majority that, under our supreme court's recent opinion in State v. Berriel we must review trial court rulings rejecting lesser-included-offense instructions for an abuse of discretion. 2018 UT 19, 299 P.3d 1183. I am writing merely to comment on the change I believe Berrie! has made in the law of lesser included offenses.
(40 At trial, a defendant is entitled to a jury instruction on a lesser included offense only when (1) the elements of the charged offense and the lesser offense overlap and (2) the record as a whole provides a rational basis to acquit the defendant of the charged offense and to convict the defendant of the lesser offense. State v. Baker, 671 P.2d 152, 158-59 (Utah 1983). "In determining whether the evidence supports a lesser included offense instruction, a trial court does not weigh the evidence" but "views the evidence in the light most favorable to the defendant requesting the instruction." State v. Powell, 2007 UT 9, 127, 154 P.3d 788. A defendant's version of the evidence need not be the only reasonable interpretation of the evidence, State v. Shumway, 2002 UT 124, ¶13, 63 P.3d 94, so long as "a jury could choose to believe {[the dlefendant's version," State v. *265 Spillers, 2007 UT 18, 120, 152 P.8d (815. This light-most-favorable standard "establishes a procedural safeguard that protects the defendant's right to the presumption of innocence, maintains the state's burden of proving the defendant's guilt, and reserves the responsibility of evaluating the weight and credibility of the evidence for the jury." Powell, 2007 UT 9, 1 27, 154 P.8d 788.
' 41 On appeal, under the traditional standard of review, "[wlhether a jury instruction on a lesser included offense is appropriate presents a question of law," the trial court's resolution of which we review for correctness. Spillers, 2007 UT 183, ¶10, 152 P.3d 315 (citing State v. Hamilton, 827 P.2d 232, 238 (Utah 1992)). And "[when considering whether a defendant is entitled to a lesser included offense jury instruction, we 'view the evidence and the inferences that can be drawn from it in the light most favorable to the defense."" Id. (quoting State v. Crick, 675 P.2d 527, 589 (Utah 1983)).
1 42 Berriel alters this regime. It states, "The issue of whether the record evidence, viewed in its totality, supports the defendant's theory of the case is primarily a factual question." 2018 UT 19, % 9, 299 P.8d 1133. And because "trial courts are better factfin-ders than appellate courts," their "[flactual determinations" are entitled to deference on appeal. Id. Accordingly, the trial court's refusal to issue a lesser-included-offense instruction is reviewable only for abuse of discretion. Id. T11.
(48 As Berriel itself recognizes, its "abuse-of-discretion standard" is less favorable to defendants than the traditional "correctness standard." Id. Under the traditional standard we reviewed rulings of this type for correctness, viewing the facts and inferences on appeal in the light most favorable to the defense. Spillers, 2007 UT 18, 110, 152 P.3d 315. Under that standard, to reverse the denial of a lesser-included-offense instruction we needed to conclude only that a reasonable person could find the defendant's version of events plausible. In contrast, under the new standard, we review the denial for abuse of discretion. Berriel, 2018 UT 19, € 11, 299 P.3d 1188. A trial court abuses its discretion "only if 'no reasonable [person] would take the view adopted by the trial court.'" State v. Maestas, 2012 UT 46, ¶ 36, 299 P.3d 892 (alteration in original) (citation omitted). Consequently, under the new standard, to reverse a denial of the instruction we must conclude, under the facts as found by the trial court, that all reasonable people would find the defendant's version of events plausible.[11]
144 This shift carries several potential consequences. First, the new standard makes reversing the denial of a lesser-included-offense instruction far more difficult. Consequently, such denials are likely to become more common. Furthermore, Berriel's characterization of trial courts as "factfin-ders," 2018 UT 19, 19, 299 P.3d 1183, casts doubt on the traditional rule that when considering a lesser-included-offense instruction "a trial court does not weigh the evidence," but "views the evidence in the light most favorable to the defendant requesting the instruction." Powell, 2007 UT 9, 127, 154 P.3d 788. As noted above, the traditional rule has been seen as protective of a number of important trial values. Id.
4 45 My point is not that the step taken in Berriel should not have been taken-that is a question for a higher court. I am simply noting the significance of the step and that future cases may need to sort out its ramifications. In any event, Berrie! controls, and the lead opinion here correctly applies it.

. Or, more precisely, that no reasonable person could conclude that the record as a whole does not provide a rational basis to acquit the defendant of the charged offense and to convict the defendant of the lesser offense.