2000 UT 60

STATE of Utah, Plaintiff and Appellee,

v.

Justin R. KRUGER, Defendant and Appellant.

No. 981517.

Supreme Court of Utah.

July 11, 2000.

Jan Graham, Att'y Gen., Laura B. Dupaix, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Linda M. Jones, Heidi A. Buchi, Salt Lake City, for defendant.

HOWE, Chief Justice:

## INTRODUCTION

¶ 1 Defendant Justin R. Kruger appeals from his jury conviction of murder, a first degree felony in violation of Utah Code Ann. § 76–5–203 (1995), contending that the trial court erred in denying his request for a jury instruction on the lesser included offense of manslaughter because there was evidence that he committed the offense recklessly or under extreme emotional disturbance. *See* § 76–5–205(1)(a), (1)(b) (1995).

## BACKGROUND

¶ 2 When reviewing a jury verdict, we examine the evidence and all reasonable inferences drawn therefrom in a light most favorable to the verdict, and we recite the facts accordingly. *See State v. Gordon,* 913 P.2d 350, 351 (Utah 1996). We present conflicting evidence only when necessary to understand issues raised on appeal. *See State v. Dunn,* 850 P.2d 1201, 1206 (Utah 1993).

¶ 3 On Friday, September 12, 1997, Kruger went to a local mall to play video games with his friends, Shane Nielson and Richard Nelson. While there, Kruger asked Shane if he would lend him his .32 caliber pistol in exchange for seven dollars. Shane agreed to the exchange and gave Kruger the pistol later that day.

¶ 4 Sometime later that night, Kruger came upon Soloman Garcia Vasquez (Garcia), who was sitting in a car stopped near 1000 West and 600 North in Salt Lake City, Utah. Kruger put the borrowed pistol, which he held in his right hand, through the partially open passenger-side window of Garcia's car and allegedly told Garcia to give him all his money. Garcia replied that he did not speak English and began to drive away. Kruger then fired the pistol. Kruger contends that his hand hit the car as Garcia was pulling away, causing him to fire the gun accidentally. Garcia grabbed his chest, screamed, and drove off. He was found a short time after midnight, still sitting in his car, unconscious and slumped over the steering wheel. He died from a gunshot wound to the chest.

¶ 5 Kruger later confessed his involvement in the attempted robbery and the shooting to at least five people: his friends, Richard Nelson and Shane Nielson (from whom he had borrowed the pistol); his sister, Anne Kruger; and Detectives James W. Prior and Steve Cheever of the Salt Lake City Police Department Homicide Squad. Four of those persons testified at trial.

¶ 6 Richard Nelson testified that during a conversation he had with Kruger on the day after the shooting, Kruger told him that he had "tried to rob somebody"; that "he went to a car and tried to get his wallet and he didn't—he shot him"; and that Kruger shot Garcia when he failed to heed Kruger's warning, "if you move I'll shoot you." According to Richard, Kruger did not tell him that the gun went off accidentally.

¶ 7 Shane Nielson spoke with Kruger about the shooting when he asked Kruger to return his gun. Shane testified that Kruger told him the shooting occurred near 600 North during Kruger's attempt to get money from Garcia: "He said he went to rob somebody for money, and I guess the guy took off and somehow he shot him or something."

¶ 8 Kruger's sister, Anne, also testified that the shooting occurred during his attempt to rob Garcia:

[Kruger] said that he went to rob somebody, and he had a gun and he stuck it in the window and he told the guy to "give me all your money," because he had some

money sitting on the seat. And he said, "No comprende English, only Espanol," and he stepped on the gas and drove off.... [T]he guy drove off and he moved and [Kruger] shot him.

¶ 9 Detective Prior testified that during questioning at the police station, Kruger confessed to shooting Garcia during an attempt to rob him. Prior testified that his colleague, Detective Cheever, said to Kruger:

We believe ... that someone was getting robbed! And that the robbery occurred, and then for some reason ... there was a shot that was fired. We've been talking to other people! We believe that we can prove you did that! Justin, you need to tell us about it. Justin, tell me about it.

And that Kruger responded:

I was sitting out there, and I was doing it—and he took off—was taken [sic] off.

¶ 10 Kruger was charged with murder under the alternative theories of felony murder and depraved indifference murder in violation of section 76–5–203.[1] At trial, Kruger requested a jury instruction on the lesser included offense of manslaughter, contending that the shooting was the result of extreme emotional disturbance, or in the alternative, recklessness pursuant to subsections 76–5–205(1)(a) and (1)(b) of section 76–5–205. The trial court denied defendant's request, stating that "there is no evidence to support giving the manslaughter instruction in this case given the manner in which this case is charged and the totality of the evidence." The jury returned a verdict convicting Kruger of criminal homicide, murder. Kruger now appeals, contending that the jury should have been given the opportunity to consider the lesser offense of manslaughter.

1. (1) Criminal homicide constitutes murder if the actor:

 . . . .

 (c) acting under circumstances evidencing a depraved indifference to human life engages in conduct which creates a grave risk of death to another and thereby causes the death of another;

 (d) while in the commission, attempted commission, or immediate flight from the commission or attempted commission of aggravated robbery ... [or] robbery ... causes the death of another person....

## ANALYSIS

## I. INSTRUCTIONS ON A LESSER INCLUDED OFFENSE

■ ¶ 11 Whether a trial court committed error in refusing to give a requested jury instruction is a question of law, which we review for correctness. *See State v. Hamilton,* 827 P.2d 232, 238 (Utah 1992).

■ ¶ 12 When a lesser included instruction is requested by the defendant, the trial court must apply an "evidence-based" standard to decide whether the instruction is appropriate. *See State v. Piansiaksone,* 954 P.2d 861, 869 (Utah 1998) (citing *State v. Baker,* 671 P.2d 152, 157 (Utah 1983)). This standard, clearly outlined by this court in *Baker,* provides a two-pronged analysis that mirrors the statutory framework set out in section 76–1–402. First, the court must determine whether the claimed lesser offense is an offense "included" in the charged offense. *See State v. Crick,* 675 P.2d 527, 529 (Utah 1983); *Baker,* 671 P.2d at 158–59. An offense is included when it falls within one of the definitions of section 76–1–402(3), as interpreted by our case law.[2] *See Crick,* 675 P.2d at 529; *Baker,* 671 P.2d at 158. Section 76–1–402(3) states that a lesser offense is included when:

 (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

 (b) It constitutes an attempt, solicitation, conspiracy, or form of preparation to commit the offense charged or an offense otherwise included therein; or

2. The *Baker* court construed only subsection (a) of section 76–1–402(3) because that was the only definition at issue in the case. Many of the cases following *Baker* seem to replace the first prong of the standard with the construction of subsection (3)(a). However, as *Crick* subsequently illustrated, an included offense can be defined under any of the subsections of section 76–1–402(3). We affirm that under the first prong of the *Baker* standard, an included offense is one that falls under any of the subsections of section 76–1–402(3).

(c) It is specifically designated by a statute as a lesser included offense.

¶ 13 After determining that the offense is "included" under section 76-1-402(3), the court must decide whether "there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 76-1-402(4); *see also State v. Pearson,* 943 P.2d 1347, 1350 (Utah 1997); *State v. Hansen,* 734 P.2d 421, 424 (Utah 1986); *Crick,* 675 P.2d at 530-31 (holding that it is not enough to find that the evidence would support a conviction of the lesser offense, but that "the evidence must provide a rational basis for *both* acquitting of the charged offense and convicting of the lesser included offense"); *Baker,* 671 P.2d at 159.

¶ 14 In determining whether there is a "rational basis" in the evidence to support both acquittal of the greater and conviction of the lesser offense, a trial judge, though he or she cannot weigh the credibility of the evidence, must nevertheless decide whether there is "a sufficient quantum of evidence" to send this issue to the jury. *Baker,* 671 P.2d at 159. To make this determination, the trial court must "view the evidence and the inferences that can be drawn from it in the light most favorable to the defense." *Crick,* 675 P.2d at 532 (citing *State v. Gillian,* 23 Utah 2d 372, 376, 463 P.2d 811, 814 (1970)).

¶ 15 In sum, when a defendant requests a jury instruction on a lesser included offense, the evidence-based standard requires that the instruction be given when the trial court determines that (1) the lesser offense is "included" in the offense charged, and (2) there is evidence to justify acquittal of the greater offense and conviction of the lesser offense.

¶ 16 Though we have determined that manslaughter can be a lesser included offense of depraved indifference murder, *see generally Piansiaksone,* 954 P.2d 861, we need not determine now whether manslaughter is a lesser included offense of felony murder under the first prong of *Baker.* Even were we to assume that it is, defen-

dant's request for a manslaughter instruction fails under the second prong of the test.

¶ 17 Viewing the facts and reasonable inferences in a light most favorable to defendant, we conclude that Kruger did not adduce, as is required under the second prong of *Baker,* a "sufficient quantum of evidence" to create a jury question as to whether the shooting occurred while Kruger was in the act of doing something other than committing a robbery. The only evidence Kruger presented to support his argument that he was not attempting to rob Garcia was the testimony of his sister, Anne. She testified that Kruger told her he had shot somebody while attempting to commit robbery. Anne stated, however, that she did not believe Kruger's story because he often fantasized or exaggerated. Anne testified as follows:

Mr. Scowcroft: You told the police that when you talked to Justin about this event, the shooting, you didn't believe Justin was telling you the truth.

Anne: That's right.

Mr. Scowcroft: And you told the police that Justin has a way of fantasizing?

Anne: Fantasizing isn't the right word. It's his way of getting attention.

Mr. Scowcroft: You used the word "fantasizing," didn't you?

Anne: I don't remember.

Mr. Scowcroft: Okay. Let me try to refresh your memory in that regard. Let me direct your attention to page 8 lines 17 and 19.... Let me just have you read that to yourself.... Have you had an opportunity to read that, Ms. Kruger?

Anne: Um-hum.

Mr. Scowcroft: Didn't you tell the police that Justin has a way of fantasizing about things?

Anne: I did.

Mr. Scowcroft: You did say that?

Anne: Uh-huh.

Mr. Scowcroft: Do you think there is some truth to that?

Anne: Yeah.

¶ 18 Kruger argues that Anne's testimony regarding his tendency to exaggerate and

make up stories "refute[s] *all* evidence concerning aggravated robbery or attempted aggravated robbery" and thus lays a basis for acquitting Kruger of felony murder.

¶ 19 We disagree. Anne's testimony about Kruger's habit of exaggerating does not constitute a sufficient quantum of evidence to provide a rational basis to acquit Kruger of attempting to rob Garcia and thus acquit him of felony murder. Given the totality of the evidence and facts of this case, no reasonable jury could disregard the testimony of four witnesses to whom Kruger confessed that he attempted to rob Garcia, just because Anne testified that Kruger often fantasized and exaggerated *generally.* Thus, there is not a rational basis in the evidence to acquit Kruger of felony murder.

## II. JURY UNANIMITY

 ¶ 20 In his reply brief, Kruger raises the issue of whether he was entitled to a unanimous verdict as to whether he killed Garcia under the theory of depraved indifference or the theory of felony murder. He attempts to justify raising the issue belatedly in his reply brief by asserting that the State raised the issue in its brief. The State denies raising the issue and has moved to strike the portion of Kruger's reply brief that raises the issue.

¶ 21 We grant the motion to strike. Under rule 24(c) of the Utah Rules of Appellate Procedure, a reply brief is "limited to answering any new matter set forth in the opposing brief." The State did not raise the issue in its brief, but only pointed out in a footnote that Kruger had not raised the issue in the trial court or in his opening brief on appeal. That observation by the State did not constitute a "new matter" entitling Kruger to brief the issue in his reply brief.

## CONCLUSION

¶ 22 In conclusion, we hold that because there was not a rational basis in the evidence for a jury to acquit Kruger of felony murder, he cannot be acquitted of the offense charged, and thus he was not entitled to a jury instruction on manslaughter. Moreover, we grant the State's motion to strike that portion of defendant's reply brief that raises a new issue.

¶ 23 Judgment affirmed.

¶ 24 Associate Chief Justice RUSSON, Justice DURHAM, Justice DURRANT, and Justice WILKINS concur in Chief Justice HOWE's opinion.