IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100840-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 17, 2012) |
| James Errol Campbell, | ) | |
| | ) | 2012 UT App 145 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 091403632
The Honorable Samuel D. McVey

Attorneys:    Margaret P. Lindsay and Douglas J. Thompson, Provo, for Appellant
Mark L. Shurtleff and Christopher D. Ballard, Salt Lake City, for
Appellee

-----

Before Judges Orme, Roth, and Christiansen.

CHRISTIANSEN, Judge:

¶1      Defendant James Errol Campbell challenges his jury conviction for possession of a controlled substance, *see* Utah Code Ann. § 58-37-8(2)(a)(i) (2007), specifically asserting that his conviction should be reversed because the trial court erred in denying his request to instruct the jury on the lesser included offense of possession of drug paraphernalia, *see id.* § 58-37a-5(1).  We affirm.

¶2      The State charged Defendant with possession of a controlled substance, *see id.* § 58-37-8(2)(a)(i), after Officers Laursen and Hubbard discovered that Defendant was in possession of a contact lens case holding a cotton ball containing heroin.  Testing at the

Utah State Crime Lab later confirmed that the cotton ball contained heroin, but the total measurement of that heroin was less than 100 milligrams. The crime lab declined to quantify the actual amount of heroin possessed by Defendant, instead characterizing it as residue.

¶3      Trial testimony by the officers explained that heroin users liquify solid heroin by heating the substance and then straining the liquid with the cotton ball as the liquified heroin is drawn into a syringe before it is injected. This filtering removes impurities and any unliquified pieces of heroin. Officer Hubbard further explained that heroin users usually keep the cotton ball "so that they can get the heroin out of [the cotton ball] later." The trial court denied Defendant's request to instruct the jury on the offense of possession of drug paraphernalia, *see id.* § 58-37a-5(1), determining that possession of drug paraphernalia was not a lesser included offense of possession of a controlled substance. After the jury convicted Defendant of possession of a controlled substance, a third degree felony, *see id.* § 58-37-8(2)(b)(ii), Defendant appealed, arguing that the trial court erred in denying his request to instruct the jury on the elements of possession of drug paraphernalia, a misdemeanor, *see id.* § 58-37a-5(1).

¶4      "A trial court's refusal to grant a lesser included offense instruction is a question of law, which we review for correctness." *State v. Powell*, 2007 UT 9, ¶ 12, 154 P.3d 788. "When considering whether a defendant is entitled to a lesser included offense jury instruction, we 'view the evidence and the inferences that can be drawn from it in the light most favorable to the defense.'" *State v. Spillers*, 2007 UT 13, ¶ 10, 152 P.3d 315 (quoting *State v. Crick*, 675 P.2d 527, 539 (Utah 1983)). "In addition, when the defense requests a jury instruction on a lesser included offense, the requirements for inclusion of the instruction, 'should be liberally construed.'" *Id.* (quoting *State v. Hansen*, 734 P.2d 421, 424 (Utah 1986)).

¶5      "A defendant's request for a lesser included offense instruction is evaluated under the evidence-based standard set out in [Utah Code] section 76-1-402(4)," *Powell*, 2007 UT 9, ¶ 24, which states: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."[1] Utah

---

[1]"This is not to say that the defendant's right to a lesser included offense

(continued...)

Code Ann. § 76-1-402(4) (2008). Section 76-1-402(3) defines an included offense, stating, in relevant part, "An offense is . . . included when . . . [i]t is established by proof of the same or less than all the facts *required* to establish the commission of the offense charged." *Id.* § 76-1-402(3)(a) (emphasis added). "This [evidence-based] standard . . . provides a two-pronged analysis that mirrors the statutory framework set out in section 76-1-402." *State v. Kruger*, 2000 UT 60, ¶ 12, 6 P.3d 1116.

> In *State v. Baker*, 671 P.2d 152 (Utah 1983), [the Utah Supreme C]ourt held that when the defense requests an instruction on a lesser included offense, the instruction "must be given if (i) the statutory elements of greater and lesser included offences overlap . . . and (ii) the evidence provides a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

*Spillers*, 2007 UT 13, ¶ 12 (omission in original) (quoting *Hansen*, 734 P.2d at 424). To establish that "the statutory elements of the greater and lesser included offenses overlap," *see id.* (internal quotation marks omitted), a court considers not only the facts presented at trial but also "the statutory elements of the offenses involved in order to determine whether given facts are '*required* to establish the commission of the offense charged,'" *Baker*, 671 P.2d at 158-59 (emphasis added) (quoting Utah Code Ann. § 76-1-402(3)(a)). Based on the facts of this case, we determine that the statutory elements of possession of drug paraphernalia and possession of a controlled substance do not overlap. *See State v. Williams*, 2007 UT 98, ¶ 6, 175 P.3d 1029 ("To be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not in possession of a controlled substance.").

¶6     To sustain a conviction for possession of a controlled substance, the prosecution must present sufficient evidence at trial to prove that the defendant "knowingly and

---

[1](...continued)
instruction is absolute or unqualified." *State v. Baker*, 671 P.2d 152, 157 (Utah 1983). "The defendant's right to a lesser included offense instruction is limited by the evidence presented at trial." *Id.*

intentionally . . . possess[ed] or use[d] . . . a controlled substance."[2] *See* Utah Code Ann. § 58-37-8(2)(a)(i) (2007). In this case, the State's evidence convinced the jury that Defendant was in possession of a controlled substance. Specifically, the State presented evidence that Defendant possessed heroin, albeit a small amount,[3] and that Defendant knew that he possessed the heroin because he, like other heroin users, arguably saved the heroin residue in the cotton ball for later use. The fact that Defendant used and stored the heroin in a cotton ball was not an element the State was *required* to prove to obtain Defendant's conviction. *See id.* § 58-37-8.

¶7     In contrast, to prove possession of drug paraphernalia, the State was required to prove that Defendant "use[d], or . . . possess[ed] with intent to use, drug paraphernalia to . . . store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." *See id.* § 58-37a-5(1); *see also id.* § 58-37a-3 (further defining drug paraphernalia); *id.* § 58-37a-4 (listing factors to consider when determining if an object is drug paraphernalia). The elements the State was required to prove at trial to establish Defendant's possession of drug paraphernalia relate to the cotton ball itself, i.e, how the cotton ball was used to inject or store the heroin and Defendant's knowledge about the use or possession of the cotton ball. *See id.* § 58-37a-5(1).

¶8     Utah Code section 58-37a-4 lists several factors that may be considered "[i]n determining whether an object is drug paraphernalia." *See id.* § 58-37a-4. Defendant argues that because one of those factors is "the existence of any residue of a controlled substance on the object," *see id.* § 58-37a-4(5), the fact that heroin residue was found on the cotton ball established all elements required to convict Defendant of both possession of a controlled substance and possession of paraphernalia. We recognize the interplay between the offenses of possession of a controlled substance and drug paraphernalia given that a defendant may often possess both drugs and drug paraphernalia and given

---

[2]The Utah Criminal Code defines heroin as a controlled substance. *See* Utah Code Ann. §§ 58-37-2(1)(f)(i), -4(2)(a)(ii)(K) (2007).

[3]"In Utah, '[t]he determinative test is possession of a narcotic drug, and not useability of a narcotic drug.'" *State v. Vigh*, 871 P.2d 1030, 1034 (Utah Ct. App. 1994) (alteration in original) (quoting *State v. Winters*, 16 Utah 2d 139, 396 P.2d 872, 875 (1964)).

that even a small amount of a controlled substance is enough to establish possession of a controlled substance. Additionally, the statute criminalizing the possession of drug paraphernalia is very broad and includes any item that is used to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." *See id*. § 58-37a-5(1). Nevertheless, the elements of the two offenses do not overlap because each offense requires proof of different elements to sustain a conviction. *See State v. Williams*, 2007 UT 98, ¶ 6, 175 P.3d 1029. Thus, possession of drug paraphernalia is not an included offense of possession of a controlled substance.

¶9    Affirmed.


_____
Michele M. Christiansen, Judge


-----


¶10    WE CONCUR:



_____
Gregory K. Orme, Judge



_____
Stephen L. Roth, Judge