**2013 UT App 23**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

JAMES ERROL CAMPBELL,

*Defendant and Appellant.*

Amended Memorandum Decision[1]
No. 20100840-CA
Filed January 25, 2013

Fourth District, Provo Department
The Honorable Samuel D. McVey
No. 091403632

Margaret P. Lindsay and Douglas J. Thompson,
Attorneys for Appellant
John E. Swallow and Christopher D. Ballard,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this
Amended Memorandum Decision, in which
JUDGES GREGORY K. ORME and
STEPHEN L. ROTH concurred.

CHRISTIANSEN, Judge:

¶1     Defendant James Errol Campbell challenges his jury conviction for possession of a controlled substance, *see* Utah Code

---

1. This Amended Memorandum Decision supersedes our Memorandum Decision in Case No. 20100840-CA issued on May 17, 2012. *See State v. Campbell*, 2012 UT App 145 (mem.). We address

(continued...)

Ann. § 58-37-8(2)(a)(i) (2007), specifically asserting that his conviction should be reversed because the trial court erred in denying his request to instruct the jury on the lesser included offense of possession of drug paraphernalia, *see id.* § 58-37a-5(1). We affirm.

¶2     The State charged Defendant with possession of a controlled substance, *see id.* § 58-37-8(2)(a)(i), after Officers Laursen and Hubbard discovered that Defendant was in possession of a contact lens case holding a cotton ball containing heroin. Testing at the Utah State Crime Lab later confirmed that the cotton ball contained heroin, but the total measurement of that heroin was less than 100 milligrams. The crime lab declined to quantify the actual amount of heroin possessed by Defendant, instead characterizing it as residue.

¶3     Trial testimony by the officers explained that heroin users liquify solid heroin by heating the substance and then straining the liquid with the cotton ball as the liquified heroin is drawn into a syringe before it is injected. This filtering removes impurities and any unliquified pieces of heroin. Officer Hubbard further explained that heroin users usually keep the cotton ball "so that they can get the heroin out of [the cotton ball] later." The trial court denied Defendant's request to instruct the jury on the offense of possession of drug paraphernalia, *see id.* § 58-37a-5(1), determining that possession of drug paraphernalia was not a lesser included offense of possession of a controlled substance. After the jury convicted

---

1. (...continued)
Campbell's arguments raised in his petition for rehearing, *see infra* ¶¶ 10–18; *see also* Utah R. App. P. 35(c) ("If a petition for rehearing is granted, the court may make a final disposition of the cause without reargument, or may restore it to the calendar for reargument or resubmission, or may make such other orders as are deemed appropriate under the circumstances of the particular case.").

Defendant of possession of a controlled substance, a third degree felony, *see id.* § 58-37-8(2)(b)(ii), Defendant appealed, arguing that the trial court erred in denying his request to instruct the jury on the elements of possession of drug paraphernalia, a misdemeanor, *see id.* § 58-37a-5(1).

¶4    "A trial court's refusal to grant a lesser included offense instruction is a question of law, which we review for correctness."*State v. Powell*, 2007 UT 9, ¶ 12, 154 P.3d 788. "When considering whether a defendant is entitled to a lesser included offense jury instruction, we 'view the evidence and the inferences that can be drawn from it in the light most favorable to the defense.'" *State v. Spillers*, 2007 UT 13, ¶ 10, 152 P.3d 315 (quoting *State v. Crick*, 675 P.2d 527, 539 (Utah 1983)). "In addition, when the defense requests a jury instruction on a lesser included offense, the requirements for inclusion of the instruction, 'should be liberally construed.'" *Id.* (quoting *State v. Hansen*, 734 P.2d 421, 424 (Utah 1986)).

¶5    "A defendant's request for a lesser included offense instruction is evaluated under the evidence-based standard set out in [Utah Code] section 76-1-402(4)," *Powell*, 2007 UT 9, ¶ 24, which states: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."[2] Utah Code Ann. § 76-1-402(4) (2008). Section 76-1-402(3) defines an included offense, stating, in relevant part, "An offense is . . . included when . . . [i]t is established by proof of the same or less than all the facts *required* to establish the commission of the offense charged." *Id.* § 76-1-

---

2. "This is not to say that the defendant's right to a lesser included offense instruction is absolute or unqualified." *State v. Baker*, 671 P.2d 152, 157 (Utah 1983). "The defendant's right to a lesser included offense instruction is limited by the evidence presented at trial." *Id.*

402(3)(a) (emphasis added). "This [evidence-based] standard . . . provides a two-pronged analysis that mirrors the statutory framework set out in section 76-1-402." *State v. Kruger*, 2000 UT 60, ¶ 12, 6 P.3d 1116.

> In *State v. Baker*, 671 P.2d 152 (Utah 1983), [the Utah Supreme C]ourt held that when the defense requests an instruction on a lesser included offense, the instruction "must be given if (i) the statutory elements of greater and lesser included offences overlap . . . and (ii) the evidence provides a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

*Spillers*, 2007 UT 13, ¶ 12 (omission in original) (quoting *Hansen*, 734 P.2d at 424). To establish that "the statutory elements of the greater and lesser included offenses overlap," *see id.* (internal quotation marks omitted), a court considers not only the facts presented at trial but also "the statutory elements of the offenses involved in order to determine whether given facts are '*required* to establish the commission of the offense charged,'" *Baker*, 671 P.2d at 158-59 (emphasis added) (quoting Utah Code Ann. § 76-1-402(3)(a)). Based on the facts of this case, we determine that the statutory elements of possession of drug paraphernalia and possession of a controlled substance do not overlap. *See State v. Williams*, 2007 UT 98, ¶ 6, 175 P.3d 1029 ("To be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not in possession of a controlled substance.").

¶6    To sustain a conviction for possession of a controlled substance, the prosecution must present sufficient evidence at trial to prove that the defendant "knowingly and intentionally . . .

possess[ed] or use[d] . . . a controlled substance."[3] *See* Utah Code Ann. § 58-37-8(2)(a)(i) (2007). In this case, the State's evidence convinced the jury that Defendant was in possession of a controlled substance. Specifically, the State presented evidence that Defendant possessed heroin, albeit a small amount,[4] and that Defendant knew that he possessed the heroin because he, like other heroin users, arguably saved the heroin residue in the cotton ball for later use. The fact that Defendant used and stored the heroin in a cotton ball was not an element the State was *required* to prove to obtain Defendant's conviction. *See id.* § 58-37-8.

¶7     In contrast, to prove possession of drug paraphernalia, the State was required to prove that Defendant "use[d], or . . . possess[ed] with intent to use, drug paraphernalia to . . . store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." *See id.* § 58-37a-5(1); *see also id.* § 58-37a-3 (further defining drug paraphernalia); *id.* § 58-37a-4 (listing factors to consider when determining if an object is drug paraphernalia). The elements the State was required to prove at trial to establish Defendant's possession of drug paraphernalia relate to the cotton ball itself, i.e, how the cotton ball was used to inject or store the heroin and Defendant's knowledge about the use or possession of the cotton ball. *See id.* § 58-37a-5(1).

¶8     Utah Code section 58-37a-4 lists several factors that may be considered "[i]n determining whether an object is drug paraphernalia." *See id.* § 58-37a-4. Defendant argues that because

---

3. The Utah Criminal Code defines heroin as a controlled substance. *See* Utah Code Ann. §§ 58-37-2(1)(f)(i), -4(2)(a)(ii)(K) (2007).

4. "In Utah, '[t]he determinative test is possession of a narcotic drug, and not useability of a narcotic drug.'" *State v. Vigh*, 871 P.2d 1030, 1034 (Utah Ct. App. 1994) (alteration in original) (quoting *State v. Winters*, 16 Utah 2d 139, 396 P.2d 872, 875 (1964)).

one of those factors is "the existence of any residue of a controlled substance on the object," *see id.* § 58-37a-4(5), the fact that heroin residue was found on the cotton ball established all elements required to convict Defendant of both possession of a controlled substance and possession of paraphernalia. We recognize the interplay between the offenses of possession of a controlled substance and drug paraphernalia given that a defendant may often possess both drugs and drug paraphernalia and given that even a small amount of a controlled substance is enough to establish possession of a controlled substance. Additionally, the statute criminalizing the possession of drug paraphernalia is very broad and includes any item that is used to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." *See id*. § 58-37a-5(1). Nevertheless, the elements of the two offenses do not overlap because each offense requires proof of different elements to sustain a conviction. *See State v. Williams*, 2007 UT 98, ¶ 6, 175 P.3d 1029. Thus, possession of drug paraphernalia is not an included offense of possession of a controlled substance.

¶9     Affirmed.

---

## ON PETITION FOR REHEARING

¶10    Campbell seeks reconsideration of our affirmance of the trial court's decision to not instruct the jury on a lesser included offense. We reaffirm that possession of drug paraphernalia is not an included offense of possession of a controlled substance because the two offenses require proof of different elements to sustain a conviction. Although the petition for rehearing is otherwise denied, Campbell identifies some concerns with our prior decision that merit comment and clarification.

¶11 The thrust of Campbell's petition is that this court misapprehended *State v. Williams*, 2007 UT 98, ¶ 6, 175 P.3d 1029, when, in applying *Williams* to Campbell's case, we held that "the elements of the two offenses do not overlap because each offense requires proof of different elements to sustain a conviction." *State v. Campbell*, 2012 UT App 145, ¶¶ 5, 8 (mem.); *see also Williams*, 2007 UT 98, ¶ 6 ("To be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not being in possession of a controlled substance."). Campbell states that this court apparently "mean[t] to say that because the elements of possession of a controlled substance are not the same as the elements of drug paraphernalia, in the *Williams*/*Shondel* sense, the two statutes do not overlap in the *Baker* sense." In other words, Campbell believes that we may have understood the *Williams* court to have held that the elements of these two offenses did not overlap "in the *Baker* sense," i.e., in the context of *State v. Baker*, 671 P.2d 152 (Utah 1983).

¶12 In *Baker*, the seminal case that reaffirmed the "evidence-based standard," our supreme court set forth the analysis a trial court must undertake when determining whether to grant a defendant's request for a jury instruction on a lesser included offense. *See Baker*, 671 P.2d at 158–59. Though that analysis must "begin with the proof of facts at trial," it is also necessary to analyze the statutory elements of the offenses to determine whether a purported lesser "offense is included in a charged offense." *See id.* at 158. "This requirement that there exist some overlap in the statutory elements of allegedly 'included' offenses . . . prevent[s] the argument that totally unrelated offenses could be deemed included simply because some of the evidence necessary to prove one crime was also necessary to prove the other." *Id.* at 159.

¶13 In our original decision, we analyzed whether there is any overlap in the elements of possession of a controlled substance and possession of drug paraphernalia. We quoted *Williams* as stating, "To be guilty of possession of a controlled substance, one need not

possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not being in possession of a controlled substance." *Campbell*, 2012 UT App 145, ¶ 5 (quoting *Williams*, 2007 UT 98, ¶ 6). The *Williams* court explained, "Because we conclude that the possession of a controlled substance and the possession of drug paraphernalia statutes do not overlap fully, the *Shondel* doctrine does not apply." *Id.* ¶ 19; *see also id.* ¶ 23 ("Utah's felony possession statute and misdemeanor possession of paraphernalia statute do not sufficiently overlap to trigger the protections afforded by the *Shondel* doctrine. These statutes were obviously intended to be fully and separately enforceable.").[5]

¶14     Though perhaps we could have been more clear, our decision does not hold "that because the elements of possession of a controlled substance are not the same as the elements of drug paraphernalia, in the *Williams/Shondel* sense, the two statutes do not overlap in the *Baker* sense." In other words, we do not believe our decision states that because the elements of the two offenses do not wholly overlap and thus fail to trigger *Shondel*, the two offenses also have insufficient overlapping elements to satisfy *Baker* or Utah Code section 76-1-402(3)(a). *See* Utah Code Ann. § 76-1-402(3)(a) (LexisNexis 2012) ("A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An offense is so included when: (a) [i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . ."); *State v. Baker*, 671 P.2d at 159.

---

5. *Williams* explained the *Shondel* doctrine as follows: "'Equal Protection of the law guarantees like treatment of all those who are similarly situated. Accordingly, the criminal laws must be written so that . . . the exact same conduct is not subject to different penalties depending on which of two statutory sections a prosecutor chooses to charge.'" *State v. Williams*, 2007 UT 98, ¶ 10, 175 P.3d 1029 (quoting *State v. Bryan*, 709 P.2d 257, 263 (Utah 1985)); *see also State v. Shondel*, 453 P.2d 146, 147 (Utah 1969).

¶15    *Williams* did not discuss the propriety of a lesser included jury instruction and thus did not discuss *Baker*. As Campbell points out, *Williams* was instead concerned with whether the *Shondel* doctrine should be applied to a defendant who was charged and convicted of both drug possession and possession of drug paraphernalia. *See Williams*, 2007 UT 98, ¶ 3 (involving a defendant convicted of both possession of a controlled substance and possession of drug paraphernalia when he was found with a small plastic bag that contained methamphetamine). Campbell is thus correct that *Williams* explained that the two offenses "do not overlap fully" and "do not sufficiently overlap" to invoke the *Shondel* doctrine. *See id.* ¶¶ 19, 22–23 (analyzing, therefore, those facts under *United States v. Batchelder*, 442 U.S. 114 (1979), and determining that our legislature "purposely enacted [the two statutes] to be separately and fully enforceable"). Consequently, *Williams* did not need to discuss *Baker* and accordingly did not need to determine whether the elements of both offenses overlapped to *any* degree. Though it was decided under a different legal theory, we believe that *Williams* is still instructive in this instance. Specifically, this court used *Williams* to demonstrate that "[t]o be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not being in possession of a controlled substance." *See id.* ¶ 6.

¶16    Where this issue becomes more complicated is in the application of Utah Code section 58-37a-4(5), which states, "In determining whether an object is drug paraphernalia, the trier of fact, in addition to all other logically relevant factors, should consider: . . . the existence of any residue of a controlled substance on the object." Utah Code Ann. § 58-37a-4(5) (LexisNexis 2012). However, we note that proof of the existence of drug residue on or in the alleged item of paraphernalia is not a required *element* of the crime of possession of drug paraphernalia. *See id.* § 58-37a-5(1)–(2). The presence of a controlled substance on or in an item of drug paraphernalia is instead only one *factor* that *may* be relevant in

determining whether an object falls within the statute's description. That is, the existence of drug residue on or in an object may tend to show that the item in question is drug paraphernalia. In contrast, while the presence of paraphernalia may be useful in the determination of whether one knowingly possesses a controlled substance, the presence of drug paraphernalia is not proof that the substance in question is an illegal, controlled substance.

¶17    To clarify, one can be guilty of possessing a controlled substance, for instance, if he or she possessed marijuana, without also possessing any drug paraphernalia associated with the marijuana. It is also possible for an individual to possess as paraphernalia, for example, a glass pipe free from any trace of marijuana. Therefore, the offense of possessing a controlled substance can be committed without overlap of any of the elements of the crime of possessing drug paraphernalia. *See State v. Baker*, 671 P.2d 152, 158–59 (Utah 1983) (explaining the statutory requirements of overlapping elements). Application of *Williams* to cases such as Campbell's is only logical; otherwise, clever defendants would learn that, when in possession of a controlled substance, they should always carry with them associated drug paraphernalia because they could then require a lesser included offense instruction that would give them the chance to be charged with and/or convicted of misdemeanor possession of paraphernalia rather than felony possession of a controlled substance.

¶18    In sum, the trial court correctly analyzed the elements of each offense to determine whether to give the jury a lesser included jury instruction. As indicated above, there must be some overlapping of the statutory elements of the offense charged with the elements of the lesser included offense, and we remain convinced that possession of drug paraphernalia cannot be a lesser included offense of possession of a controlled substance because the statutory elements of the two crimes do not overlap. Thus, *Baker* is not satisfied and this court did not need to consider the evidence presented at trial in the light most favorable to the defense, *see State v. Kruger*, 2000 UT 60, ¶ 14, 6 P.3d 1116, and did

not need to consider whether that evidence provided a rational basis for "acquitting [Campbell] of the offense charged and convicting him of the included offense," *see* Utah Code Ann. § 76-1-402(4).

———————