ON PETITION FOR REHEARING
T 10 Campbell seeks reconsideration of our affirmance of the trial court's decision to not instruct the jury on a lesser included offense. We reaffirm that possession of drug paraphernalia is not an included offense of possession of a controlled substance because the two offenses require proof of different elements to sustain a conviction. Although the petition for rehearing is otherwise denied, Campbell identifies some concerns with our prior decision that merit comment and clarification.
T11 The thrust of Campbell's petition is that this court misapprehended State v. Williams, 2007 UT 98, ¶ 6, 175 P.3d 1029, when, in applying Williams to Campbell's case, we held that "the elements of the two offenses do not overlap because each offense requires proof of different elements to sustain a conviction." State v. Campbell, 2012 UT App 145, ¶¶ 5, 8 (mem.); see also Williams, 2007 UT 98, ¶ 6, 175 P.3d 1029 ("To be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not being in possession of a controlled substance."). Campbell states that this court apparently "mean[t] to say that because the elements of possession of a controlled substance are not the same as the elements of drug paraphernalia, in the Williams/Shondel sense, the two statutes do not overlap in the Baker sense." In other words, Campbell believes that we may have understood the Williams court to have held that the elements of these two offenses did not overlap "in the Baker sense," Le., in the context of State v. Baker, 671 P.2d 152 (Utah 1983).
1 12 In Baker, the seminal case that reaffirmed the "evidence-based standard," our supreme court set forth the analysis a trial court must undertake when determining whether to grant a defendant's request for a jury instruction on a lesser included offense. See Baker, 671 P.2d at 158-59. Though that *726 analysis must "begin with the proof of facts at trial," it is also necessary to analyze the statutory elements of the offenses to determine whether a purported lesser "offense is included in a charged offense." See id. at 158. "This requirement that there exist some overlap in the statutory elements of allegedly 'included' offenses ... prevent[s] the argument that totally unrelated offenses could be deemed included simply because some of the evidence necessary to prove one crime was also necessary to prove the other." Id. at 159.
{13 In our original decision, we analyzed whether there is any overlap in the elements of possession of a controlled substance and possession of drug paraphernalia. We quoted Williams as stating, "To be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug paraphernalia while not being in possession of a controlled substance." Campbell, 2012 UT App 145, 15 (quoting Williams, 2007 UT 98, 16, 175 P.3d 1029). The Williams court explained, "Because we conclude that the possession of a controlled substance and the possession of drug paraphernalia statutes do not overlap fully, the Shondel doctrine does not apply." Id. 119; see also id. 128 ("Utah's felony possession statute and misdemeanor possession of paraphernalia statute do not sufficiently overlap to trigger the protections afforded by the Shondel doctrine. These statutes were obviously intended to be fully and separately enforceable.").[5]
I 14 Though perhaps we could have been more clear, our decision does not hold "that because the elements of possession of a controlled substance are not the same as the elements of drug paraphernalia, in the Williams/Shondel sense, the two statutes do not overlap in the Baker sense." In other words, we do not believe our decision states that because the elements of the two offenses do not wholly overlap and thus fail to trigger Shondel, the two offenses also have insufficient overlapping elements to satisfy Baker or Utah Code section 76-1-402@)(a). See Utah Code Ann. § 76-1-402(8)(a) (LexisNex-is 2012) ("A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An of fense is so included when: (a) [ilt is established by proof of the same or less than all the facts required to establish the commission of the offense charged...."); State v. Baker, 671 P.2d at 159.
€ 15 Williams did not discuss the propriety of a lesser included jury instruction and thus did not discuss Baker. As Campbell points out, Williams was instead concerned with whether the Shondel doctrine should be applied to a defendant who was charged and convicted of both drug possession and possession - of drug paraphernalia - See Williams, 2007 UT 98, ¶ 3, 175 P.3d 1029 (involving a defendant convicted of both possession of a controlled substance and possession of drug paraphernalia when he was found with a small plastic bag that contained methamphetamine). Campbell is thus correct that Williams explained that the two offenses "do not overlap fully" and "do not sufficiently overlap" to invoke the Shondel doctrine. See id. 1119, 22-23 (analyzing, therefore, those facts under United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), and determining that our legislature "purposely enacted [the two statutes] to be separately and fully enforceable"). Consequently, Williams did not need to discuss Baker and accordingly did not need to determine whether the elements of both offenses overlapped to any degree. Though it was decided under a different legal theory, we believe that Williams is still instructive in this instance. Specifically, this court used Williams to demonstrate that "[to be guilty of possession of a controlled substance, one need not possess drug paraphernalia. Similarly, one may be guilty of possessing drug *727 paraphernalia while not being in possession of a controlled substance." See id. 1 6.
1 16 Where this issue becomes more complicated is in the application of Utah Code section 58-37a-4(5), which states, "In determining whether an object is drug paraphernalia, the trier of fact, in addition to all other logically relevant factors, should consider: ... the existence of any residue of a controlled substance on the object." Utah Code Ann. § 58-37a-4(5) (LexisNexis 2012). However, we note that proof of the existence of drug residue on or in the alleged item of paraphernalia is not a required element of the crime of possession of drug paraphernalia. See id. § 58-37Ta-5(1)-(2). The presence of a controlled substance on or in an item of drug paraphernalia is instead only one factor that may be relevant in determining whether an object falls within the statute's description. That is, the existence of drug residue on or in an object may tend to show that the item in question is drug paraphernalia. In contrast, while the presence of paraphernalia may be useful in the determination of whether one knowingly possesses a controlled substance, the presence of drug paraphernalia is not proof that the substance in question is an illegal, controlled substance.
T17 To clarify, one can be guilty of possessing a controlled substance, for instance, if he or she possessed marijuana, without also possessing any drug paraphernalia associated with the marijuana. It is also possible for an individual to possess as paraphernalia, for example, a glass pipe free from any trace of marijuana. Therefore, the offense of possessing a controlled substance can be committed without overlap of any of the elements of the crime of possessing drug paraphernalia. See State v. Baker, 671 P.2d 152, 158-59 (Utah 1983) (explaining the statutory requirements of overlapping elements). Application of Williams to cases such as Campbell's is only logical; otherwise, clever defendants would learn that, when in possession of a controlled substance, they should always carry with them associated drug paraphernalia because they could then require a lesser included offense instruction that would give them the chance to be charged with and/or convicted of misdemeanor possession of paraphernalia rather than felony possession of a controlled substance.
18 In sum, the trial court correctly analyzed the elements of each offense to determine whether to give the jury a lesser included jury instruction. As indicated above, there must be some overlapping of the statutory elements of the offense charged with the elements of the lesser included offense, and we remain convinced that possession of drug paraphernalia cannot be a lesser included offense of possession of a controlled substance because the statutory elements of the two crimes do not overlap. Thus, Baker is not satisfied and this court did not need to consider the evidence presented at trial in the light most favorable to the defense, see State v. Kruger, 2000 UT 60, ¶ 14, 6 P.3d 1116, and did not need to consider whether that evidence provided a rational basis for "acquitting [Campbell] of the offense charged and convicting him of the included offense," see Utah Code Ann. § 76-1-402(4).
Judge MICHELE M. CHRISTIANSEN authored this Amended Memorandum Decision, in which Judges GREGORY K. ORME and STEPHEN L. ROTH concurred.

. Williams explained the Shondel doctrine as follows: " 'Equal Protection of the law guarantees like treatment of all those who are similarly situated. Accordingly, the criminal laws must be written so that ... the exact same conduct is not subject to different penalties depending on which of two statutory sections a prosecutor chooses to charge.'" State v. Williams, 2007 UT 98, ¶ 10, 175 P.3d 1029 (quoting State v. Bryan, 709 P.2d 257, 263 (Utah 1985)); see also State v. Shondel, 22 Utah 2d 343, 453 P.2d 146, 147 (1969).