**2013 UT App 212**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ROGER SCOTT FOWERS,
Defendant and Appellant.

Memorandum Decision
No. 20110936-CA
Filed August 29, 2013

Third District, Salt Lake Department
The Honorable Randall N. Skanchy
No. 111900446

Lori J. Seppi and Lisa J. Remal, Attorneys for
Appellant
John E. Swallow and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE WILLIAM A. THORNE JR. authored this Memorandum
Decision, in which JUDGES CAROLYN B. MCHUGH and
J. FREDERIC VOROS JR. concurred.

THORNE, Judge:

¶1     Roger Scott Fowers appeals his conviction for attempted kidnapping. *See* Utah Code Ann. § 76-5-301 (LexisNexis 2012); *see also id.* § 76-4-101.[1] Fowers argues that the evidence presented by the State was insufficient to support his conviction and that the district court therefore erred in denying his motion to dismiss. We affirm.

---

[1]The statutes relating to Fowers's conviction have not been amended since the date of his offense, and we cite the current version of those statutes throughout.

¶2    Fowers's conviction arose from an incident that occurred on the midmorning of January 18, 2011.[2] Fowers had been driving around Salt Lake City looking for a prostitute when he saw the victim, fourteen-year-old T.H., walking down the sidewalk on Main Street at approximately 1580 South. Fowers pulled his car alongside T.H., rolled down the window, and asked T.H. if she needed a ride. T.H. said no. Fowers then drove forward a few feet and pulled into a driveway entrance, blocking the sidewalk in front of T.H. Fowers again spoke to T.H. and offered her a ride. T.H. again told Fowers no. Fowers then got out of his car, grabbed T.H.'s forearm tightly, and said, "I can give you a ride, just get in." T.H. told him no and tried to shake free. Fowers held T.H.'s arm until she kicked him in the knee, at which point he let go and she fled. Fowers was arrested in the area shortly thereafter.

¶3    The State charged Fowers with one count of kidnapping, and the district court conducted a jury trial on August 3 and 4, 2011. At the close of the State's case in chief, Fowers moved to dismiss the case against him for insufficiency of the evidence, and the district court denied Fowers's motion. The jury ultimately acquitted Fowers of kidnapping but convicted him of the lesser included offense of attempted kidnapping.

¶4    On appeal, Fowers argues that the district court erred in denying his motion to dismiss because the State presented insufficient evidence to support his ultimate conviction of attempted kidnapping.[3] Our review of the district court's decision

---

[2]"On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly." *State v. Brown*, 948 P.2d 337, 339 (Utah 1997).

[3]The language of rule 17(p) of the Utah Rules of Criminal Procedure suggests that a defendant's motion to dismiss a charge via a directed verdict necessarily incorporates a request

(continued...)

to grant or deny a motion to dismiss "is a question of law [that] we review for correctness, giving no deference to the decision of the [district] court." *State v. Hamilton*, 2003 UT 22, ¶ 17, 70 P.3d 111 (first alteration in original) (citation and internal quotation marks omitted).

¶5     Fowers's argument asks us to review the question of whether the evidence presented by the State was sufficient to support the jury's ultimate verdict. *See id.* ¶ 41 ("When evaluating whether the State produced sufficient 'believable evidence' to withstand a challenge at the close of the State's case in chief, we apply the same standard used when reviewing a jury verdict."). In reviewing the sufficiency of the evidence, we view "the evidence and all reasonable inferences drawn therefrom in a light most favorable to the verdict." *State v. Kruger*, 2000 UT 60, ¶ 2, 6 P.3d 1116. We will reverse a jury verdict "only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable such

---

[3](...continued)
that all lesser included offenses also be dismissed. *See* Utah R. Crim. P. 17(p) ("At the conclusion of the evidence by the prosecution . . . the court may issue an order dismissing any information or indictment, or any count thereof, upon the ground that the evidence is not legally sufficient to establish the offense charged therein or any lesser included offense."). Fowers's brief, however, raises the possibility that his failure to expressly request the dismissal of the lesser included offense of attempted kidnapping presents a preservation problem to his arguments on appeal, and he argues plain error as an exception to the preservation rule. The State does not pursue this particular preservation argument on appeal, and we elect to simply address Fowers's issues under the ordinary error standard without considering preservation. *See generally Patterson v. Patterson*, 2011 UT 68, ¶ 13, 266 P.3d 828 ("Our preservation requirement is self-imposed and is therefore one of prudence rather than jurisdiction.").

that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he or she was convicted." *State v. Dunn*, 850 P.2d 1201, 1212 (Utah 1993).

¶6      The State's primary theory in support of the kidnapping charge was that Fowers "detain[ed] or restrain[ed]" a minor between the ages of fourteen and eighteen without the consent of the minor's parent. *See* Utah Code Ann. § 76-5-301(1)(d) (LexisNexis 2012).[4] The State was further required to prove that Fowers did so "intentionally or knowingly, without authority of law, and against the will of the victim." *Id.* § 76-5-301(1). A person is guilty of an attempt to commit a crime if he or she engages in conduct constituting a substantial step toward the commission of that crime that strongly corroborates his or her intent to commit the crime. *See id.* § 76-4-101. Thus, to affirm Fowers's conviction of attempted kidnapping, we need only determine that there was sufficient evidence presented to show that Fowers engaged in conduct constituting a substantial step towards detaining or restraining T.H. and strongly corroborating his intent to detain or restrain her.[5]

¶7      At trial, T.H. testified for the State that Fowers blocked her path with his car, got out of the car, and told her to "just get in" after she had twice refused his offer of a ride. T.H. further testified

---

[4]Utah's kidnapping statute identifies five ways in which the crime of kidnapping may be committed. *See* Utah Code Ann. § 76-5-301(1)(a)–(e) (LexisNexis 2012). Under the circumstances, the State focused on proving kidnapping on the theory that Fowers detained or restrained fourteen-year-old T.H. without parental consent. *See id.* § 76-5-301(1)(d).

[5]It appears to be undisputed on appeal that there was adequate evidence that T.H. was fourteen years old at the time of the offense and that there was no parental consent to Fowers's actions.

that he grabbed her forearm hard enough to leave red marks and only released her arm when she kicked him. Additionally, the State presented testimony from the police officer who had interviewed Fowers after his arrest. The officer testified that Fowers himself partially corroborated T.H.'s version of events by admitting that he was in the area looking for prostitutes at the time of the incident and that he twice asked a young woman walking along Main Street if she needed a ride.[6] Viewing this evidence in the light most favorable to the jury's verdict, we cannot say that it is "sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt" that Fowers committed the crime of attempted kidnapping. *Dunn*, 850 P.2d at 1212.

¶8    Despite this evidence, Fowers challenges the district court's denial of his motion to dismiss by alleging certain inconsistences in T.H.'s testimony. For example, Fowers argues that if the incident occurred as described by T.H., there would have been witnesses. However, the State did not present any such witnesses. Fowers also argues that T.H. was not able to describe the pants that Fowers was wearing at the time of the incident and that, therefore, she must not have seen him outside of his vehicle. He also argues that there were inconsistencies in the evidence as to the red marks on T.H.'s arm, whether she was wearing a sweatshirt at the time of the incident, and whether Fowers blocked her path by pulling his vehicle into a driveway or a city street.

¶9    Notwithstanding these alleged inconsistencies, it is not in our prerogative to weigh conflicting evidence or to determine the credibility of witnesses. *See State v. Romero*, 554 P.2d 216, 218 (Utah 1976). Rather, that is the role of the jury. *See State v. Goddard*, 871 P.2d 540, 543 (Utah 1994). Here, the jury heard and evaluated the totality of the evidence and found Fowers guilty of attempted kidnapping. We will not disturb the district court's decision to send

---

[6]The officer also testified that Fowers denied leaving his car during the incident.

the case to the jury based on the tangential inconsistencies that Fowers has identified. *Cf. State v. Rivera*, 954 P.2d 225, 229 (Utah Ct. App. 1998) ("[A]ny conflicts in [the witness's] description of [the defendant's] height, the brand of his shoes, or the details of his hat were not significant enough to make her identification entirely unreliable.").

¶10    In sum, despite minor inconsistencies in T.H.'s testimony, the evidence presented by the State was sufficient to support the district court's denial of Fowers's motion to dismiss. T.H. testified that it was Fowers who had initiated an encounter with her on the morning in question, and this was largely corroborated by the interviewing officer's testimony regarding Fowers's admissions on the day of his arrest. T.H. further testified that the encounter ended with Fowers exiting his vehicle, grabbing her, and telling her to "just get in." This evidence was sufficient to support the district court's decision to deny Fowers's motion to dismiss and send the case to the jury, and we therefore affirm Fowers's conviction for attempted kidnapping.

———————