**2015 UT App 311**

### THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
SAUL AHUA CUAQUENTZI,
Appellant.

Memorandum Decision
No. 20140748-CA
Filed December 31, 2015

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 131903539

Joanna E. Landau and Lisa J. Remal, Attorneys
for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES STEPHEN L. ROTH and JOHN A. PEARCE
concurred. [1]

ORME, Judge:

¶1     Saul Ahua Cuaquentzi (Defendant) appeals his convictions on two counts of aggravated sexual abuse of a child, both first degree felonies. *See* Utah Code Ann. § 76-5-404.1(5) (LexisNexis Supp. 2015). Defendant challenges his convictions, asserting that prosecutorial misconduct occurred during the

---

1. Judge John A. Pearce participated in this case as a member of the Utah Court of Appeals. He became a member of the Utah Supreme Court on December 17, 2015, before this decision issued.

State's closing argument. Because Defendant has not shown that the alleged misconduct prejudiced him, the trial court did not abuse its discretion when it overruled defense counsel's objection to the prosecutor's statements. We affirm.

¶2    Although Defendant takes issue with many of the facts outlined by the State, and apparently believed by the jury, we take as our starting point the facts, and the reasonable inferences drawn therefrom, viewed "in a light most favorable to the verdict." *State v. Kruger*, 2000 UT 60, ¶ 2, 6 P.3d 1116. Thus, "we recite the facts accordingly." *Id.*[2]

¶3    One day in April 2013, the victim's mother returned home from a party. She checked on the victim, aged seven, who was "in her bedroom playing with her Barbies." The victim became "really quiet" and said, "Mom, I need to tell you something." The victim then told her that Defendant "put his pee pee here." According to her mother, "She then pointed to her bum."

¶4    The mother was acquainted with Defendant and confronted him soon after. Defendant denied the accusation and suggested that perhaps an intruder had entered the victim's room during the night and that the victim had mistakenly thought it was Defendant. The mother checked but found no evidence of a forced entry and further recalled that she had unlocked the deadbolt when she returned home from the party. The mother decided to take the victim to the hospital to have her examined for signs of sexual assault.

¶5    At the hospital, a doctor examined the victim and swabbed the outside of the victim's rectum. The swab picked up semen residue. When tested, the semen on the swab was found to match Defendant's DNA. In the course of the ensuing police

---

2. Our recitation of the facts is somewhat truncated, with an eye toward protecting the victim's identity.

investigation, the victim reported that she had been similarly abused by Defendant on a prior occasion. Defendant was accordingly charged with two counts of sexual abuse, and was tried and convicted on both counts. He now appeals, and the only issue he raises is a claim of prosecutorial misconduct during closing arguments. Specifically, after summarizing Defendant's prior relationship with the victim and her family, the prosecutor said, "The evidence that you've heard paints a picture of a man who sexually abused that child. Who took his position of trust . . . and exploited it. He took something innocent and good and made it criminal." Defense counsel objected that the remark was inappropriate and that the prosecutor "should concentrate on the evidence and not on the victim." The trial court overruled the objection.

¶6     We review the "trial court's handling of claimed prosecutorial misconduct for an abuse of discretion." *State v. Kozlov*, 2012 UT App 114, ¶ 28, 276 P.3d 1207 (citation and internal quotation marks omitted). Prosecutorial misconduct in the form of improper argument in a jury trial warrants reversal when (1) "the prosecutor's statements during closing argument call[] the jurors' attention to matters they [are] not authorized to consider during deliberations" and (2) "the statements prejudice[] the defendant." *State v. Fouse*, 2014 UT App 29, ¶ 29, 319 P.3d 778 (citation and internal quotation marks omitted). Because a defendant challenging his conviction under the rubric of prosecutorial misconduct must prove both elements, we will affirm Defendant's convictions if he has failed to establish either requirement. While we are far from persuaded that the prosecutor's comment even rose to the level of misconduct, we readily conclude that Defendant has failed to demonstrate that the comment prejudiced him.

¶7     In analyzing the potentially prejudicial effect of a prosecutor's comments, "we look at the evidence of the defendant's guilt." *State v. Thompson*, 2014 UT App 14, ¶ 83, 318 P.3d 1221. "'If proof of defendant's guilt is strong, the challenged

conduct or remark will not be presumed prejudicial,' but when the evidence is 'less compelling' we 'will more closely scrutinize the conduct.'" *Id.* (quoting *State v. Troy*, 688 P.2d 483, 486 (Utah 1984)). To the extent that "the conclusion of the jurors is based on their weighing conflicting evidence or evidence susceptible of differing interpretations, there is a greater likelihood that they will be improperly influenced through remarks of counsel." *Troy*, 688 P.2d at 486.

¶8    In *Thompson*, we determined that a prosecutor's improper statements had prejudiced the defendant because "the State's case relied almost entirely upon [the victim's] allegations, which [the defendant] denied." 2014 UT App 14, ¶ 84. "Thus, the jurors were tasked with weighing that conflicting evidence and deciding who was telling the truth. The prosecutor's improper vouching for [a witness for the State], improper expression of opinion about [the defense witness's] credibility, and improper statements about [the defendant's] body language bore directly on this pivotal function of the jury." *Id.* On the other hand, in *State v. Todd*, 2007 UT App 349, 173 P.3d 170, despite our conclusion that the prosecutor engaged in improper conduct, *see id.* ¶¶ 21, 27, 30, we concluded that a reversal was not warranted "given the compelling evidence of [the defendant's] guilt," *id.* ¶ 40.

¶9    This case is much more like *Todd* than *Thompson*. Whereas in *Thompson* the State's case depended almost entirely on the credibility of the alleged victim of sexual abuse, 2014 UT App 14, ¶ 84, here the victim's account of abuse is additionally supported by compelling physical evidence: the uncontested presence of Defendant's semen in the area of the victim's rectum.[3] *See Todd*, 2007 UT App 349, ¶ 40.

_____

3. The jury was well within its rights to reject as incredible Defendant's alternative explanation for how his semen could have found its way to the outside of the victim's rectum through

(continued…)

¶10    Given "the overwhelming evidence of Defendant's guilt," he has not met the requirement of demonstrating that the prosecutor's comment prejudiced him. *See id.* ¶ 51. With or without that remark, the jury would have convicted Defendant given the physical evidence that he sexually assaulted the victim.

¶11    Affirmed.

———————

(…continued)
no fault of his own, namely that he had masturbated on her bed and ejaculated on her sheets, after which she inadvertently touched Defendant's seminal fluid as she climbed into bed some time later and then scratched her buttocks under her clothing.